IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| JENNIFER VETRANO,<br>    *Plaintiff*,<br><br>v.<br><br>JOHN BRDA, ALLISON CHRISTILAW, MBA, ICD.D B, JOHN R. HARDING, UZI SASSON, DAN EATON ESQ, MAURICE GUITTON, ERIC M. LESLIE, PHILIPPE MORALI, KEN HANNAH, STEEN KARSBO, JOHN DOES 1-20, JANE DOES 1-20,<br>    *Defendants*. | CASE NO. 7:24-CV-00325-DC-RCG |

**DEFENDANTS UZI SASSON'S RESPONSE
TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT BY THE CLERK**

Plaintiff's Request for Entry of Default (the "Request") against Uzi Sasson should be denied. Entry of default is only permitted "[w]hen a party . . . has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). That is not the case here—at the time of Plaintiff's request for entry of default, Mr. Sasson had filed a motion to dismiss the Complaint for lack of jurisdiction. [Dkt. 11] Plaintiff acknowledges several times that her request for default came *after* the Motion to Dismiss was filed.[1] [Dkt. 12 at 2] Because Mr. Sasson has "defend[ed]" this action, entry of default is improper under Rule 55(a).

In any event, the Motion to Dismiss was timely. As set forth in the attached Declaration, Mr. Sasson was served on February 27, 2025. [Ex. A (Declaration of Uzi Sasson), ¶ 1] As a result,

---

[1] Plaintiff suggests several times in her Request that Mr. Sasson was required to file an Answer and that the Motion to Dismiss was improper. [Dkt. 12 at 3 (describing the Motion to Dismiss as "procedurally improper" and "deficient" and claiming that it therefore "does not constitute a valid or timely response")] But the Motion to Dismiss was a valid response to the Complaint, and delayed the deadline for an Answer. *See* Fed. R. Civ. P. 12(b) (providing that a defense asserting a lack of jurisdiction may be "assert[ed] . . . by motion"); Fed. R. Civ. P. 12(a)(4) (providing that "serving a motion under this rule" delays the deadline for filing an Answer until 14 days after the motion is decided.)

the Motion to Dismiss filed March 20, 2025, was timely. *See* Fed. R. Civ. P. 12(a)(1)(A).

Finally, even if default could be entered (it cannot, given the pending Motion to Dismiss) it would almost certainly be set aside for good cause. *See* Fed. R. Civ. P. 55(c). Given that Mr. Sasson believes he was served on February 27, 2025, his filing of a Motion to Dismiss on March 20 does not constitute a "willful" failure on his part. *See Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). Even if the Motion to Dismiss was filed one day late (as Plaintiff claims) she was not "prejudice[d]" by that delay. *Id*. And, as set forth in the Motion to Dismiss [Dkt. 11], Mr. Sasson has asserted several "meritorious" defenses to the Complaint—including that this Court lacks personal jurisdiction over him, and that any claims must be brought in the pending bankruptcy proceeding. *Id*.

For these reasons, the Court should deny Plaintiff's request for entry of a default.

Dated: March 20, 2025

Respectfully submitted,

*/s/ John R. Hardin*
John R. Hardin
JohnHardin@perkinscoie.com
Texas State Bar No. 24012784
**PERKINS COIE LLP**
500 N. Akard Street, Ste. 3300
Dallas, TX 75201
Telephone: (214) 965-7700
Facsimile: (214) 965-7793

*Attorney for Defendants*
UZI SASSON and PHILIPPE MORALI

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon all counsel of record via e-filing through the Court's CM/ECF portal on March 20, 2025.

/s/ *John R. Hardin*
John R. Hardin