IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

MIDLAND-ODESSA DIVISION

**FILED**

March 21, 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____
                    KG
                                    DEPUTY

**Date: March 21, 2025**

TO: The Honorable Court

JENNIFER VETRANO,

Plaintiff,

v.

UZI SASSON,

Defendant.

CASE NO.: 7:24-CV-00325-DC-RCG

**<u>PLAINTIFF'S REPLY TO DEFENDANT UZI SASSON'S RESPONSE TO PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT BY THE CLERK</u>**

TO THE HONORABLE COURT:

Plaintiff, Jennifer Vetrano ("Plaintiff"), respectfully submits this Reply to Defendant Uzi Sasson's ("Defendant") Response to Plaintiff's Request for Entry of Default by the Clerk ("Response").

I. INTRODUCTION

Defendant argues that Plaintiff's Request for Entry of Default should be denied due to his filing of a Motion to Dismiss. Plaintiff respectfully contends that Defendant's response and late filing fail to comply with procedural deadlines, lack justification, and contain inaccuracies.

II. ARGUMENT

A. Defendant's Filing was Untimely

Plaintiff provided proof of service establishing that the Defendant was served on February 26, 2025. Defendant inaccurately asserted in a sworn declaration that he was served on

February 27, 2025. This discrepancy demonstrates Defendant's lack of candor to the Court and further undermines his procedural arguments.

Defendant's Motion to Dismiss was due by March 19, 2025, yet it was filed late on March 20, 2025. Defendant neither sought nor obtained consent from Plaintiff or leave from the Court for an extension. Such disregard for Court deadlines is prejudicial and unjustified.

B. Defendant's Jurisdictional Challenge Lacks Merit

Defendant contests personal jurisdiction based on residence and lack of property ownership in Texas. However, jurisdiction arises from Defendant's substantial and purposeful corporate contacts as an executive with Meta Materials, directly linked to Texas corporate activities and market transactions.

1.      Merger and Corporate Transactions Meta Materials acquired Texas-based Torchlight Energy Resources, intentionally availing itself of Texas jurisdiction. Defendant served as CFO, COO, and CEO during critical periods, overseeing Texas-originated market activities and asset management, particularly concerning the Orogrande Basin.

2.      Intentional Availment Defendant purposefully benefited from a strategic merger involving substantial Texas assets and markets. Corporate governance decisions and disclosures under Defendant's leadership materially affected Texas investors and economic interests. Texas courts recognize such purposeful availment as sufficient for jurisdiction. See Michiana Easy Livin' Country, Inc. v. Holten, 168 S.W.3d 777, 784 (Tex. App.—Tyler 2005, pet. denied).

3.      Significant Local Impact and Interest Texas maintains a substantial interest in adjudicating claims involving corporate misconduct, fiduciary breaches, and market manipulation affecting Texas shareholders. Defendant's role in corporate governance and strategic decisions directly implicates him within Texas jurisdiction.

4.      Avoidance of Forum Shopping Defendant's jurisdictional challenge appears designed to evade accountability within the jurisdiction most significantly affected by his corporate decisions. Principles of judicial fairness support retaining jurisdiction in Texas.

5.      Systematic and Continuous Contacts Defendant's executive roles required continuous oversight and management of Texas-originating transactions, market strategies, and communications. Such systematic corporate contacts firmly establish jurisdiction within Texas. See General Motors Corp. v. Lopez, 873 S.W.2d 686, 688 (Tex. App.—Corpus Christi 1994, no writ).

C. Bankruptcy Proceeding Does Not Preclude Personal Claims

Defendant incorrectly asserts that Plaintiff's claims must be addressed within Meta Materials' bankruptcy proceedings. Plaintiff clarifies that her claims target Defendant's individual liability arising from breaches of fiduciary duty. Meta Materials is not a defendant in this action; therefore, Defendant cannot shield himself from individual liability behind the company's bankruptcy proceedings.

III. CONCLUSION

Plaintiff respectfully requests this Court grant the Request for Entry of Default by the Clerk. Defendant's untimely response, inaccuracies, unjustified delay, and meritless jurisdictional arguments demonstrate a lack of procedural compliance and substantive defenses.

Respectfully submitted,


Jennifer Vetrano, Pro Se

25 Pond Hollow Lane

West Creek, NJ 08092

Phone: 908-783-0105

Email: Jvetrano999@gmail.com