IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

MIDLAND-ODESSA DIVISION

Date: March 25, 2025

JENNIFER VETRANO,

  Plaintiff,

v.

DAN EATON, ESQ.,

  Defendant.

CIVIL ACTION NO. 7:24-cv-00325-DC-RCG

## PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(e)

TO THE HONORABLE JUDGE COUNTS:

Plaintiff, Jennifer Vetrano, pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106(b) for an order authorizing alternative service of process upon Defendant Dan Eaton, Esq., who—despite repeated efforts—has engaged in calculated, deliberate evasion of service designed solely to frustrate this Court's jurisdiction. Defendant Eaton's blatant refusal to submit to service of process is not only contemptuous of this Court but also constitutes bad faith obstruction of the legal process.

Plaintiff filed this action on December 27, 2024. Since then, she has exhausted all reasonable methods to serve Defendant. Service was first attempted at Defendant's last known residence at 2849 Rosario Drive, San Jose, California, where it was confirmed Defendant no longer resided. Plaintiff then located Defendant's active professional address at 1706 Paseo De Peralta, Santa Fe, New Mexico. Plaintiff retained a process server who made no fewer than six distinct service attempts at that location on varying days and times. On March 24, 2025, the process server personally observed a man matching Defendant's description entering the property and deliberately refusing to answer the door. Defendant's refusal to accept service is well-documented in the sworn affidavit of the process server.

Later that same day, Plaintiff contacted Defendant directly by phone. Defendant readily admitted he was fully aware of this lawsuit and the pending service but, rather than accept service, attempted to control the process by instructing Plaintiff to send all legal documents to John Hardin, Esq.—counsel of record for other defendants, but not for Eaton. Defendant's bad-faith conduct—feigning surprise at the lawsuit while simultaneously directing Plaintiff to his hand-picked intermediary—is the very type of gamesmanship that alternative service is designed to prevent.

Under Federal Rule 4(e)(1), service may be accomplished pursuant to the law of the state where the district court sits, here Texas. Texas Rule of Civil Procedure 106(b) authorizes alternative service where, as here, personal service has failed despite diligent effort. Texas courts are clear: avoiding service through deliberate obstruction justifies alternative service. See McKesson & Robbins, Inc. v. Day, 377 S.W.2d 956, 957 (Tex. Civ. App.—Waco 1964, writ ref'd n.r.e.) (upholding alternative service where the defendant hid in a closet to evade process). Defendant

Eaton's conduct—hiding inside his home while being observed by the process server and refusing to answer the door—demonstrates the same contemptible evasion.

The Texas Supreme Court in Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990), established that "reasonable diligence" demands persistent efforts under varying conditions. Plaintiff exceeded this standard by deploying professional service agents to two locations over multiple attempts. Eaton's bad faith is further confirmed by his admission of knowledge of the lawsuit and his attempt to dictate service conditions.

Moreover, Texas law explicitly supports alternative service through counsel where circumstances warrant. In Harrison v. Harrison, 597 S.W.2d 477 (Tex. Civ. App.—Beaumont 1980, no writ), service on a defendant's attorney was upheld when the attorney was involved in litigation discussions. Here, Eaton's own words designated John Hardin as his intermediary, leaving no credible basis to challenge this method of service.

Accordingly, service of process upon John R. Hardin, Esq. at Perkins Coie LLP, 500 N. Akard Street, Suite 3300, Dallas, Texas 75201, is not only reasonable but necessary to prevent Defendant Eaton from further obstructing justice. Mr. Hardin, as an officer of the Court, can be expected to fulfill his professional obligations and convey the process to his client. (Exhibits A-F).

WHEREFORE, Plaintiff respectfully demands that this Court issue an Order authorizing Plaintiff to serve Defendant Dan Eaton, Esq., by delivering the summons and complaint to John R. Hardin, Esq., at the above address. Plaintiff further requests any additional relief the Court deems just and proper to end this ongoing manipulation of the service process.

Respectfully submitted,

/s/ Jennifer Vetrano

Jennifer Vetrano (Pro Se)

25 Pond Hollow Lane

West Creek, NJ 08092

Email: JVetrano999@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2025, a true and correct copy of the foregoing Motion for Alternative Service was served via electronic mail on the following:

John Russell Hardin, Esq.

Perkins Coie LLP

500 N. Akard Street, Suite 3300

Dallas, Texas 75201

JohnHardin@perkinscoie.com

/s/ Jennifer Vetrano

Jennifer Vetrano (Pro Se)

100% Recycled fiber
80% Post-Consumer

```
JENNIFER VETRANO                         0.5 LBS LTR 1 OF 1
(908) 783-0105                           SHP WT: LTR
THE UPS STORE #0607                      DATE: 26 MAR 2025
STE 35
297 ROUTE 72  W
MANAHAWKIN  NJ 08050-2811

SHIP  US DISTRICT CLERK OFFICE
TO:   STE 222
      200 E WALL ST

      MIDLAND TX 79701-5201
```



TX 797 9-01

UPS NEXT DAY AIR                    1
TRACKING #: 1Z 0V1 9E0 01 5094 7615



BILLING: P/P

REF #1: 1111

MX4NGUJ84ZU1U ISH 13.007 ZZP 450 08.5V 02/2025

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as authorized agent for export control and customs purposes. If exported Shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

**RECEIVED**

**MAR 27 2025**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
            DEPUTY CLERK



Serving you for more than 100 years
United Parcel Service.



0188025070S  08/21  United Parc





**Express Envelope**

**THE UPS STORE**

theupsstore.com • theupsstorefranchise.com