IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN TEXAS
MIDLAND-ODESSA DIVISION

JENNIFER VETRANO,

*Plaintiff,*

v.

JOHN BRDA,
ALLISON CHRISTILAW, MBA, ICD.D B,
JOHN R. HARDING, UZI SASSON,
DAN EATON ESQ, MAURICE GUITTON,
ERIC M. LESLIE, PHILIPPE MORALI,
KEN HANNAH, STEEN KARSBO,
JOHN DOES 1-20, JANE DOES 1-20

*Defendants.*

Case No.:  7:24-CV-00325-DC-RCG

FILED

MAR 31 2025

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR STAY

## DUE TO CHAPTER 7 BANKRUPTCY & IMPOSITION OF AUTOMATIC STAY

Plaintiff opposes Defendants' (UZI SASSON AND PHILIPPE MORALI) request for a stay due to bankruptcy proceedings involving Meta Materials Inc. ("Meta Materials"):

I. CLAIMS ARE INDIVIDUAL, NOT DERIVATIVE

The Defendants incorrectly characterize Plaintiff's claims as derivative, suggesting they belong exclusively to the Meta Materials bankruptcy estate. Plaintiff asserts personal, non-derivative claims based on breaches of fiduciary duty and individual harm distinct from corporate claims.

## II. INDIVIDUAL CLAIMS ARE NOT SUBJECT TO AUTOMATIC STAY

The automatic stay provision under 11 U.S.C. § 362 applies only to actions against the debtor. Plaintiff's claims target Defendants personally for their own wrongful conduct, not Meta Materials. Bankruptcy proceedings involving Meta Materials do not legally impede Plaintiff's pursuit of claims against Defendants individually.

## III. DEFENDANT'S LIABILITY IS PERSONAL AND SEPARATE

The relief sought is personal accountability for Defendants' actions, independent from any claims addressed in the bankruptcy case. The outcome in bankruptcy does not affect Defendants' individual liability for fiduciary breaches and misrepresentations made personally and directly affecting Plaintiff.

## IV. PUBLIC POLICY AND JUDICIAL EFFICIENCY

Allowing a stay inappropriately shields Defendants from individual accountability and contravenes the interests of justice and judicial efficiency. Plaintiff's claims should proceed to resolution without delay caused by unrelated bankruptcy proceedings.

## V. CONCLUSION

Plaintiff respectfully requests the Court deny Defendants' Motion for Stay due to Chapter 7 Bankruptcy Case & Imposition of Automatic Stay, permitting this matter to proceed independently of any unrelated corporate bankruptcy issues.


Respectfully submitted,

/s/ Jennifer Vetrano, Pro Se

25 Pond Hollow Lane

West Creek, NJ 08092

Email: Jvetrano999@gmail.com


A copy of the foregoing has been emailed to Defendant's lawyer John Hardin via email

JohnHardin@perkinscoie.com on 3/28/2025

/s/ Jennifer Vetrano

Jennifer Vetrano, Pro Se