IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| JENNIFER VETRANO,<br>    *Plaintiff*,<br><br>v.<br><br>JOHN BRDA, ALLISON CHRISTILAW, MBA, ICD.D B, JOHN R. HARDING, UZI SASSON, DAN EATON ESQ, MAURICE GUITTON, ERIC M. LESLIE, PHILIPPE MORALI, KEN HANNAH, STEEN KARSBO, JOHN DOES 1-20, JANE DOES 1-20,<br>    *Defendants*. | CASE NO. 7:24-CV-00325-DC-RCG |

### MESSRS. SASSON AND MORALI'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Messrs. Sasson and Morali are not "at home" in Texas and are not being sued based on actions they undertook in Texas. Nevertheless, Plaintiff contends that this Court may exercise personal jurisdiction over both individuals because they are former directors or officers of Meta Materials, a Nevada corporation that she asserts did business in Texas. The law clearly forecloses finding personal jurisdiction based on these allegations. In similar conclusory fashion, Plaintiff continues to maintain that she is bringing claims against Messrs. Sasson and Morali as an individual shareholder. But her claims are plainly derivative on behalf of Meta Materials, which may only be brought (if at all) by the Trustee appointed in Meta Materials' Chapter 7 bankruptcy. Plaintiff's arguments lack merit, and her lawsuit should be dismissed as to Messrs. Sasson and Morali for lack of jurisdiction or dismissed entirely given her lack of standing.[1]

---

[1] Although Plaintiff filed separate responses to Messrs. Sasson and Morali's Motion to Dismiss, they file their Reply together for efficiency and to avoid unnecessary additional filings.

### I. The Court lacks Personal Jurisdiction

***No general personal jurisdiction.*** Plaintiff does not dispute that neither Mr. Sasson nor Mr. Morali has significant personal contacts with Texas that would essentially render them "at home" within the forum. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 323 (5th Cir. 2021) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Rather, Plaintiff summarily claims that jurisdiction is present solely because Messrs. Sasson and Morali are corporate directors or officers of Meta Materials. [Dkt. 38, Opposition to Motion to Dismiss ("Morali Opposition") at 2 ("As a corporate officer of Meta Materials Inc. ('Meta'), Defendant purposefully directed substantial activities toward Texas, and this suit arises from those contacts."), *id.* ("Defendant oversaw corporate strategies and communications centered on Texas assets" and "strategically benefited from Texas-based corporate transactions"), *id.* at 3 ("By directly managing and making decisions about these Texas-centered operations, Defendant established sufficient minimum contacts with Texas."), Dkt. 33, Opposition to Motion to Dismiss ("Sasson Opposition") at 2-3 (providing identical allegations)].[2]

But Meta Materials is not subject to general personal jurisdiction in Texas; it is incorporated in and has its principal place of business in Nevada. [*See* Dkt. 10, Declaration of Uzi Sasson ¶ 19, Declaration of Philippe Morali ¶ 16] And even if general personal jurisdiction did somehow exist as to Meta Materials itself, the Fiduciary Shield Doctrine prevents this Court from exercising personal jurisdiction over Messrs. Sasson and Morali for "transaction of business within the state solely as a corporate officer [or director]" of Meta Materials. *Ragan & Massey, Inc. v. Voluntary Purchasing Groups, Inc.*, No. 4:09-CV-00039, 2009 WL 3157468, at *5 (E.D. Tex.

---

[2] Because these claims all relate to conduct taken by Messrs. Sasson and Morali that allegedly harmed all shareholders, each of Plaintiff's alleged claims are derivative in nature and she lacks standing to bring them, as discussed in more detail below.

Sept. 28, 2009) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir.1985)). As such, Plaintiff cannot demonstrate general personal jurisdiction here.

***No specific personal jurisdiction.*** Plaintiff likewise cannot show that Messrs. Sasson and Morali are subject to specific personal jurisdiction. For starters, both individuals joined Meta Materials *after* the alleged trading halt and short selling occurred (a fact Plaintiff does not dispute).[3] [*See* Sasson Opposition at 17 ("Plaintiff readily acknowledges that Defendant did not cause the origination of the MMTLP trading halt or the short selling issue"); Morali Opposition at 18 (same)] As such, Messrs. Sasson and Morali lack contacts with Texas that "arise from, or are directly related to, the cause of action." *VeroBlue Farms USA, Inc. v. Wulf*, 465 F. Supp. 3d 633, 661 (N.D. Tex. 2020).

While less than clear, Plaintiff appears to contend that specific jurisdiction is nevertheless present because Meta Materials undertook corporate transactions in Texas, and Messrs. Sasson and Morali were corporate directors or officers of Meta Materials who "breached [their] fiduciary duties" upon joining the company in April 2023 and October 2023, respectively. [Morali

---

[3]   Plaintiff's responses to Messrs. Sasson and Morali's jurisdictional arguments are based in large part on allegations that appear nowhere in the Complaint and are not submitted as proper evidence. [*See, e.g.*, Morali Opposition at 3 (referring to Mr. Morali's alleged withholding of an investor presentation), Sasson Opposition at 14 (same)] Plaintiff's novel allegations do not support a finding of jurisdiction for the reasons stated above and in Messrs. Sasson and Morali's Motion to Dismiss. In addition, they cannot be considered for the first time in a response to a motion to dismiss. *Davis v. DRRF Tr. 2015-1*, No. 5:15-CV-880 RP, 2016 WL 8257126, at *3 (W.D. Tex. Jan. 6, 2016) ("[W]hen considering a motion to dismiss, the Court generally only relies on the allegations made in the pleadings, and does not base its decision on allegations raised for the first time in . . . the plaintiff's response." (citation omitted)). Finally, as discussed more below, even if those new allegations are considered, they simply reaffirm that Plaintiff is asserting *derivative claims* despite lacking standing to bring them, as all her claims resulted (she alleges) in injuries to *all shareholders*. [*See, e.g.,* Morali Opposition at 17 (claiming that the circumstances "[p]resented [Defendants] with . . . opportunity to prove his *loyalty to shareholders* by taking corrective action" and alleging that Defendants made "the . . . decision *not to communicate with shareholders*") (emphasis added), Sasson Opposition at 18 (same)]

**MESSRS. SASSON AND MORALI'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS—PAGE 3**

Opposition at 3, 16; Sasson Opposition at 3, 18][4] But aside from a conclusory statement that Messrs. Sasson and Morali "failed to act on evidence of illegal stock manipulation" and therefore "expressly aimed" their conduct at Texas, Plaintiff provides no explanation of how their allegedly tortious conduct "arises out of or results from the defendant's" contacts with Texas. *Alexander v. Greenwood Hall, Inc.*, No. 4:18-CV-04540, 2019 WL 2913953, at *6 (S.D. Tex. July 8, 2019) (holding that the court is not required "to credit conclusory [jurisdictional] allegations or draw farfetched inferences.") (citation omitted)). Plaintiff therefore has not met her burden to establish specific personal jurisdiction, and Messrs. Sasson and Morali should be dismissed from this suit.

## II.     Plaintiff lacks Standing

Plaintiff does not dispute that, if her claim is derivative, it must be brought by the Trustee in Meta Materials' pending bankruptcy proceedings. Instead, without citation to authority, Plaintiff boldly asserts that her claims against Messrs. Sasson and Morali are direct instead of derivative because they each breached their fiduciary duties to shareholders. [*See* Morali Opposition at 5-8; Sasson Opposition at 5-8] But "[t]he Fifth Circuit, applying Texas law, has made it clear that a cause of action for an officer's or director's breach of a fiduciary duty owed to the corporation belongs to the corporation, and not to individual shareholders." *In re Chiron Equities, LLC*, 552 B.R. 674, 688–89 (Bankr. S.D. Tex. 2016); *see Gearhart Indus., Inc. v. Smith Int'l, Inc.*, 741 F.2d 707, 721–22 (5th Cir.1984) ("'[A] cause of action for breach of directors' fiduciary duties belongs to the corporation and cannot be brought by a stockholder in his own right, nor can the shareholder directly prosecute the suit in the name of the corporation.'"). These claims are "fundamentally

---

[4]     This is another allegation that is not included in the Complaint. [*See* Complaint ¶ 266 ("[Messrs. Sasson and Morali] breached their fiduciary duties *while they were executives while MMTLP started trading and U3 halt occurred on December 9, 2022*." (emphasis added)] Moreover, while Messrs. Sasson and Morali dispute Plaintiff's allegations regarding their various roles at Meta Materials, they reserve this argument given the procedural posture of this case.

derivative" in nature as "[t]here is no indication of any harm to shareholders" resulting from those alleged breaches, "*other than* the harm to the corporation." *In re NC12, Inc.*, 478 B.R. 820, 836 (Bankr. S.D. Tex. 2012).

Likewise, breach of fiduciary duty claims for withholding information, corporate mismanagement, or fraud (to the extent they are alleged here) are derivative absent some *unique injury to the individual shareholder*. *See Hui Ye v. Xiang Zhang*, No. 4:18-CV-4729, 2020 WL 2521292, at *16 (S.D. Tex. May 15, 2020) ("Suits for corporate mismanagement, misappropriation of corporate assets, or loss of stock value must be brought by the corporation or derivatively."); *Shirvanian v. DeFrates*, 161 S.W.3d 102, 110 (Tex. App. 2004) (claims of fraud, intentional misrepresentation, negligent and grossly-negligent misrepresentation, and conspiracy were derivative because "[t]he misrepresentations [plaintiffs] allege caused their injury were based on mismanagement of the corporation's assets. [Plaintiffs] cannot prove their injury without proving an injury to the corporation."); *Smith v. Waste Mgmt., Inc.*, 407 F.3d 381, 385 (5th Cir. 2005); *Tsuru v. Kayaba*, No. CV M-08-361, 2009 WL 10694905, at *4 (S.D. Tex. Mar. 23, 2009).

Plaintiff nowhere alleges an injury that is "separate and distinct" from that of the corporation. *In re Dexterity Surgical, Inc.*, 365 B.R. 690, 698 (Bankr. S.D. Tex. 2007). Instead, she asserts generalized harm to shareholders' "informational interests." [*See* Sasson Opposition at 5-6 ("[T]he injury was borne directly by the shareholders (Plaintiff and about 65,000 others)"); Morali Opposition at 6]. But because Plaintiff cannot "prevail" in these allegations "without [also] showing an injury to the corporation," her claim is derivative. *See Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1039 (Del. 2004). Put otherwise, "[w]here shareholders are injured proportionately to their share in the corporation, the claim is derivative." *Tsuru v. Kayaba*, No. CV

M-08-361, 2009 WL 10694905, at *4 (S.D. Tex. Mar. 23, 2009). Such is the case here.[5]

Accordingly, because Plaintiff's derivative claims may only be initiated by the bankruptcy trustee, Plaintiff lacks standing, and the Complaint must be dismissed.

|  |  |
|---|---|
| Dated: April 7, 2025 | Respectfully submitted,<br><br>*/s/ John R. Hardin*<br>John R. Hardin<br>JohnHardin@perkinscoie.com<br>Texas State Bar No. 24012784<br>**PERKINS COIE LLP**<br>500 N. Akard Street, Ste. 3300<br>Dallas, TX 75201<br>Telephone: (214) 965-7700<br>Facsimile: (214) 965-7793<br><br>*Attorney for Defendants*<br>UZI SASSON and PHILIPPE MORALI |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon all counsel of record via e-filing through the Court's CM/ECF portal on April 7, 2025.

*/s/ John R. Hardin*
John R. Hardin

---

[5] Plaintiff cites no authority to support her claim that a litigation hold notice from counsel in an unrelated lawsuit constitutes individualized harm that would transform her claims into direct claims.

**MESSRS. SASSON AND MORALI'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS—PAGE 6**