IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| JENNIFER VETRANO,<br>    *Plaintiff*,<br><br>v.<br><br>JOHN BRDA, ALLISON CHRISTILAW, MBA, ICD.D B, JOHN R. HARDING, UZI SASSON, DAN EATON ESQ, MAURICE GUITTON, ERIC M. LESLIE, PHILIPPE MORALI, KEN HANNAH, STEEN KARSBO, JOHN DOES 1-20, JANE DOES 1-20,<br>    *Defendants*. | CASE NO. 7:24-CV-00325-DC-RCG |

**DEFENDANT JOHN R. HARDING'S MOTION TO DISMISS**

    Like Messrs. Sasson and Morali, Mr. Harding should be dismissed from this lawsuit. He too joined Meta Materials well after the June 2021 merger of Meta Materials Inc. ("**Meta Materials**") and Torchlight Energy Resources, Inc. ("**Torchlight**") (the "**Merger**") had been voted on and approved as he was not engaged until August 2022 as the Chairman of the Board.[1]

    But that is not the focus of this Motion.[2] Instead, Mr. Harding should be dismissed at this stage because, like Messrs. Morali and Sasson, he is not subject to personal jurisdiction in Texas, and Plaintiff is attempting to bring derivative claims against him for which she lacks standing; such claims can only be brought by the Chapter 7 Trustee given Meta Materials' bankruptcy filing.

---

[1] Torchlight and Meta Materials agreed to merge in December 2020; the merger closed in June 2021. The June 2021 date that Plaintiff asserts relates to a completed financing by Torchlight, which closed a few days before the Merger closed. Nevertheless, this Motion uses the June 2021 date as the operative date as it appears to be the date being used by Plaintiff. As explained below, Mr. Harding did not join Meta Materials until after either date.

[2] Given that Mr. Harding was not employed by Meta Materials until August 2022 he reserves the right to also move to dismiss the Complaint for failing to state a claim against him. *See* Fed. R. Civ. P. 12(c).

180799343.3

I.  Factual Background

**The Complaint** | By this point, the Court is aware of Plaintiff's 69-page Complaint. [Dkt. 3] The Complaint is voluminous but generally focuses on two events. First, the Complaint alleges that, in and around the time of the Merger, the CEOs of Meta Materials and Torchlight engaged in a "pump and dump" scheme.[3] [*See generally,* Dkt. 3, ¶¶ 1-22; 43-91; 105] Second, the Complaint alleges that thereafter, social media influencers engaged with shareholders online in a way that interfered with or deterred potential legal action. [*See generally*, Dkt. 3, ¶¶ 23-25; 249-252]

**Allegations Against Mr. Harding** | Against this backdrop, the allegations against Mr. Harding are only stated generally. The entirety of those general allegations against Mr. Harding are for injuries that are not specific to Plaintiff but instead are to shareholders generally. [*See, e.g.,* Dkt. 3, ¶¶ 255 (alleging that conduct by Meta Materials Board "directly contributed to shareholder harm" and "prolonged harm to shareholders"); 266 (alleging Meta Materials executives "breached their fiduciary duties"); 268 (alleging that conduct by the Meta Materials "Corporate Leadership . . . exacerbated investor uncertainty and financial harm")]

Also key is that the actions allegedly taken by Mr. Harding are exclusively for actions he took *as a director or officer of Meta Materials*, and not in his individual capacity. In fact, the Complaint contains no specific allegations of wrongdoing by Mr. Harding, instead only making allegations about actions taken by Meta Materials "leadership" generally.[4] [*See, e.g.,* Dkt. 3,

---

[3]   These allegations are largely copied from the SEC complaint referenced in Messrs. Morali and Sasson's Motion to Dismiss. [Dkt. 10] *See Securities and Exchange Commission v. Brda et al.*, No. 24-cv-01048-SDJ (E.D. Tex).

[4]   Even when Mr. Harding is called out by name, he is listed with other former Directors and Officers evidencing that the allegations against Mr. Harding are against him for his conduct as a Meta Materials' director or officer. [*See e.g.,* Dkt. 3, ¶¶ 266 (identifying all defendants connected to Meta Materials); 268 (listing all defendants and describing them as "Corporate Leadership")]

¶¶ 255 (allegations against "Members of the Board"); 257 (allegations against "leadership"); 259 (same); 260 (same), 262 (same)]

**Mr. Harding Came After the Fact** | At the outset, Mr. Harding's tenure post-dates the Merger and alleged misconduct associated with that transaction. Mr. Harding served as Chair of the Board of Directors from August 2022 until August 2024—long after the June 2021 Merger. [Harding Declaration, ¶¶ 1-3] Mr. Harding was never employed by Torchlight. [Harding Declaration, ¶¶ 2-3] And there is no attempt in the Complaint to tie him to the Merger or the allegations of wrongdoing.

**There is No Meaningful Connection Between Mr. Harding and Texas** | Given Plaintiff's failure to allege specific actions that Mr. Harding undertook that caused specific harm to her as opposed to shareholder's generally, it is unsurprising that the Complaint makes no attempt to describe any connection between Mr. Harding and Texas or otherwise support the notion that he is subject to general or specific personal jurisdiction in Texas

And for good reason. Like Messrs. Morali and Sasson, Mr. Harding, does not have meaningful contacts with Texas that would allow the Court to exercise jurisdiction over him. He does not have significant contacts with Texas in his *personal* capacity:

- He does not live in Texas. [Harding Declaration, ¶¶ 4-5]
- He does not work in Texas. [Harding Declaration, ¶ 6]
- He does not own personal or real property in Texas. [Harding Declaration, ¶ 7]
- He does not maintain bank accounts in Texas. [Harding Declaration, ¶ 8]
- He does not conduct personal business in Texas. [Harding Declaration, ¶ 9]
- He has never entered into a contract in his individual capacity that was performable in whole or in part in Texas. [Harding Declaration, ¶ 10]
- He does not have a telephone listing in Texas. [Harding Declaration, ¶ 11]

- He has never paid real property or income taxes in Texas. [Harding Declaration, ¶ 12]

- In fact, he has not set foot in Texas for personal reasons. [Harding Declaration, ¶ 13]

Nor does he have significant contacts with Texas in his *professional* capacity. He is not a social media influencer, and he has not made social media posts about Meta Materials. [Harding Declaration, ¶ 20] Mr. Harding has *never* traveled to Texas to conduct business on behalf of Meta Materials. [Harding Declaration, ¶¶ 14-15]

Critical to the analysis is Meta Materials' corporate citizenship. Meta Materials is incorporated in Nevada and has its principal place of business in Nevada. [Harding Declaration, ¶ 17] Meta Materials does not maintain an office in Texas and, historically, did not even have a registered agent for service of process in Texas. [Harding Declaration, ¶¶ 16, 19]

## II.   Argument

**A.   The Complaint does not establish personal jurisdiction against Mr. Harding.**

"A federal court sitting in diversity may assert jurisdiction if (1) the state's long arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the 14th Amendment to the United States Constitution." *Johnson v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quotations and citation omitted). "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry reduces to only the federal due process analysis." *Callier v. Wide Merch. Inv., Inc.*, 671 F. Supp. 3d 736, 741 (W.D. Tex. 2023) (quoting *Conn Appliances, Inc. v. Williams*, 936 F.3d 345, 347 (5th Cir. 2019)).

The burden to establish personal jurisdiction lies with the plaintiff. *Id.* (citing *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, 753 F.3d 521, 529 (5th Cir. 2014)). A plaintiff must

prove: "(1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair place and substantial justice." *Multidata Sys. Int'l Corp.*, 523 F.3d at 609. This analysis does not change where defendants are sued in their capacity as directors or officers of a corporation. *See id.* at *3-6. "Minimum contacts may be established through either specific or general jurisdiction." *Ragan & Massey, Inc. v. Voluntary Purchasing Groups, Inc.*, No. 4:09-CV-00039, 2009 WL 3157468, at *3 (E.D. Tex. Sept. 28, 2009). Here, because Plaintiff does not specifically allege that Mr. Harding had any contacts with Texas, much less the requisite minimum contacts necessary to establish either general or specific jurisdiction of this Court, the Court should dismiss Mr. Harding.

**No General Jurisdiction** | "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citation omitted). When (as here) an individual is not domiciled in the forum state, the individual may still be subject to general personal jurisdiction if he has ties to the forum that are "so pervasive that he is 'essentially at home' there." *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 323 (5th Cir. 2021) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A defendant's contacts with the forum need not be related to the cause of action in forums where the defendant is subject to general personal jurisdiction. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999).

Mr. Harding is not subject to general personal jurisdiction in Texas. Plaintiff has not tried to establish general jurisdiction over Mr. Harding and cannot meet her burden if she does. First, Mr. Harding is not domiciled in Texas. [Harding Declaration, ¶¶ 4-5] Instead, Mr. Harding is a resident of North Carolina. [Harding Declaration, ¶ 4]

Second, there are no ties between Mr. Harding and the state of Texas that render him "essentially at home" in Texas. *See TheHuffingtonPost.com, Inc.*, 21 F.4th at 323. As noted above, Mr. Harding does not have any of the connections with Texas that courts generally look for when ruling that someone is "at home" in a jurisdiction. He does not live or work here; he does not own property or pay real estate or income taxes here; he does not have bank accounts here or Texas telephone numbers. [Harding Declaration, ¶¶ 4-12] There is really nothing that suggests he is "essentially at home" in Texas.

Instead, Plaintiff merely alleges that Mr. Harding engaged in conduct related to his official roles as a director or officer of Meta Materials. [*See, e.g.,* Dkt. 3, ¶¶ 266 (alleging Meta Materials directors and officers "breached their fiduciary duties while they were executives"); 268 (alleging that corporate leadership is being sued "for their roles in perpetuating trading irregularities, synthetic share proliferation, and shareholder harm"); 269 (alleging that defendants "have demonstrated a pattern of negligence, misconduct, breaches of fiduciary duty, and conspiracy to commit fraud")] But Mr. Harding cannot be subject to general jurisdiction in Texas solely based on his actions as a corporate officer. For one thing, Meta Materials is not subject to general personal jurisdiction in Texas. Regardless, the fiduciary-shield doctrine prevents the exercise of personal jurisdiction over corporate officers and directors based solely on acts undertaken in a defendant's corporate capacity. *Savoie v. Pritchard*, 122 F.4th 185, 191 (5th Cir. 2024); *see also Ragan & Massey, Inc.*, 2009 WL 3157468, at *5; *Lorenzana v. Gulf Coast Marine & Assocs., Inc.*, No. 9-09-CV-150 TJW, 2010 WL 4737424, at *5 (E.D. Tex. Nov. 16, 2010); *Pearson v. Shriners Hosps. for Child.*, 736 F. Supp. 3d 521, 525 (S.D. Tex. 2024); *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 677 (S.D. Tex. 2014).

**No Specific Jurisdiction** | Likewise, the Court lacks specific jurisdiction over Mr.

Harding. Specific jurisdiction exists only where "the defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *VeroBlue Farms USA, Inc. v. Wulf*, 465 F. Supp. 3d 633, 661 (N.D. Tex. 2020). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014)). Put simply, the plaintiff must demonstrate "a link between the defendant's contacts and the specific claim asserted." *Alexander v. Greenwood Hall, Inc.*, No. 4:18-CV-04540, 2019 WL 2913953, at *13 (S.D. Tex. July 8, 2019).

Again, Plaintiff has not attempted to articulate any basis in her Complaint supporting the exercise of specific jurisdiction over Mr. Harding—nor can she, given his dearth of Texas connections. Mr. Harding did not have anything to do with the Merger or alleged misconduct surrounding the transaction, as he joined Meta Materials *after* the transaction occurred. [Harding Declaration, ¶¶ 1-3] Plaintiff likewise does not include any specific allegations of misconduct by Mr. Harding that occurred during his tenure at Meta Materials, much less allegations of his misconduct that took place in Texas. "Without some evidence to connect [Plaintiff's] allegedly tortious acts to the forum, this [C]ourt cannot exercise jurisdiction [over Mr. Harding]." *Ragan*, 2009 WL 3157468, at *6.

Lastly, Plaintiff may respond in a similar fashion to her opposition to Messrs. Sasson and Morali's similar motion to dismiss, namely that the Court has personal jurisdiction over Meta Materials and thus, by extension, over Mr. Harding since she is suing him in his capacity as a corporate director or officer of Meta Materials. But that is misguided. Courts within this Circuit have repeatedly found that specific jurisdiction over a corporation is not imputed to its officers or directors solely by virtue of their status as a corporate officer or director. *See Alexander*, 2019 WL

2913953, at *12 (no specific jurisdiction over corporate officers where "[d]efendants never set foot in Texas in connection with any purchased assets or alleged legal violations" and "[t]hey never directed any action toward Texas"); *Ragan*, 2009 WL 3157468, at *6 (presence at corporate board meetings in Texas in capacity as corporate director of Texas corporation insufficient to establish "purposeful availment" where there was no evidence that "[defendant's] allegedly tortious behavior occurred at or during VPG board meetings in Texas or that [defendant] directed his tortious behavior toward residents of the state of Texas"); *Paolino v. Argyll Equities, L.L.C.*, 401 F. Supp. 2d 712, 732 (W.D. Tex. 2005) (holding that court did not have specific jurisdiction over CEO of Texas limited liability company where he did not live or work in Texas had "very few contacts with Texas, and all have been business contacts for [the company]"). In fact, even if Meta Materials itself was subject to personal jurisdiction here (which Mr. Harding disputes), jurisdiction over its directors and officers is not the given that Plaintiff presumes. *See Ragan*, 2009 WL 3157468, at *4-6; *Paolino*, 401 F. Supp. 2d at 732. Rather, the constitutional requirement of minimum contacts and purposeful availment must still be met, and they are clearly not met here. *See Ragan*, 2009 WL 3157468, at *6. Indeed, there is no allegation whatsoever of any action undertaken by Mr. Harding in relation to the misconduct surrounding the Merger, and certainly no relevant actions undertaken *in Texas*.

As such, the Court lacks personal jurisdiction, and Mr. Harding should be dismissed from the lawsuit.

**B.    To the extent the Complaint makes claims against Mr. Harding, those are derivative claims that must be brought by the Trustee in the Meta Materials bankruptcy proceeding.**

Even if the Court determined it could exercise personal jurisdiction over Mr. Harding, these alleged claims belong to Meta Materials, which is now solely under the control of the Trustee, meaning that Plaintiff does not have standing to pursue them.

Following a bankruptcy, derivative claims are property of the estate and may only be brought by a trustee or other representative acting on behalf of the estate. *In re Black Elk Energy Offshore Operations, LLC*, No. 15–34287, 2016 WL 4055044, at *2 (Bankr. S.D. Tex. July 26, 2016). "Such [derivative] claims are vested in the estate because their successful prosecution results in a benefit to the estate, which in turn benefits all creditors." *See In re Neighbors Legacy Holdings, Inc.*, 628 B.R. 600, 613 (Bankr. S.D. Tex. 2021). Here, all the alleged claims against Mr. Harding are derivative claims and therefore must be brought in the pending bankruptcy proceeding. *See In re Meta Materials Inc.*, No. 24-bk-50792 (D. Nev.).

To determine whether a claim is direct or derivative under Texas law, this Court asks "(1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of the recovery or other remedy (the corporation or the suing stockholders, individually)?" *Parametric Sound Corp. v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 133 Nev. 417, 427 (2017) (quoting *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del. 2004)).[5] In making this inquiry, "the most relevant question is whether the stockholder can prevail *without showing an injury to the corporation*." *Shirvanian v. DeFrates*, 161 S.W.3d 102, 110 (Tex. App. 2004) (emphasis added). And "[w]here shareholders are injured proportionately to their share in the corporation, the claim is derivative." *Tsuru v. Kayaba*, No. CV M-08-361, 2009 WL 10694905, at *4 (S.D. Tex. Mar. 23, 2009).

Here, Plaintiff asserts that she lost the value of her investments because of actions taken by former Torchlight and Meta Materials executives, among others, to artificially inflate the value of

---

[5]    Because Meta Materials is incorporated in Nevada, this Court must look to Nevada law to determine whether Plaintiff's claims are direct or derivative. *See Smith v. Waste Mgmt., Inc.*, 407 F.3d 381, 384 n.1 (5th Cir. 2005). Nevada, like Texas, applies the test set forth in *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del. 2004).

Meta Materials stock. [*See* Dkt. 3, ¶¶ 1-25, 43-95, 249-252] Such claims against Mr. Harding are necessarily derivative in nature; Plaintiff "cannot prove [her] injury without proving an injury to the corporation" and all shareholders collectively. *Shirvanian*, 161 S.W.3d at 110 (finding claims for fraud, intentional misrepresentation, negligent misrepresentation, and conspiracy arising from alleged oral inducements not to sell corporate shares were derivative); *see also Smith*, 407 F.3d at 384-85 (5th Cir. 2005) (claim that corporate officers "misstate[d] [a corporation's] financial condition, thereby causing a decline in the company's share price when the truth [wa]s revealed" was derivative); *Tsuru*, 2009 WL 10694905, at *4 ("[A] suit for fraud that results in a decreased valued stock is a derivative action.").

Accordingly, because these alleged claims may only be initiated by the Trustee, Plaintiff lacks standing, and her Complaint must be dismissed.

### III.    Conclusion

Like Messrs. Morali and Sasson, Mr. Harding does not belong in this case. His tenure at Meta Materials post-dates the Merger, and there is no real attempt to tie any allegation of wrongdoing to any action he took. For now, the Court should dismiss him as he is not subject to personal jurisdiction in Texas and Plaintiff has no standing to bring these alleged claims against him. Any such claims, to the extent they exist, would need to be brought by the Trustee and in a different forum.

Dated:  April 22, 2025

Respectfully submitted,

*/s/ John R. Hardin*
John R. Hardin
JohnHardin@perkinscoie.com
Texas State Bar No. 24012784
**PERKINS COIE LLP**
500 N. Akard Street, Ste. 3300
Dallas, TX 75201
Telephone: (214) 965-7700
Facsimile: (214) 965-7793

*Attorney for Defendant*
John R. "Jack" Harding

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon all counsel of record via e-filing through the Court's CM/ECF portal on April 22, 2025.

*/s/ John R. Hardin*
John R. Hardin