**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **JENNIFER VETRANO,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **MO:24-CV-00325-DC-RCG** |
| | § | |
| **JOHN BRDA et al.,** | § | |
| *Defendants*. | § | |

## ORDER ADMINISTRATIVELY CLOSING THE CASE

BEFORE THE COURT is a Notice of Chapter 7 Bankruptcy. (Doc. 16). On December 9, 2024, Plaintiff Jennifer Vetrano ("Plaintiff"), proceeding *pro se*, filed her Original Complaint against nine defendants. (Doc. 1). Plaintiff timely amended her Complaint terminating eight of the nine original defendants and added fifty new defendants. (Doc. 3). On March 21, 2025, Defendants Uzi Sasson and Philippe Morali filed a Notice of Chapter 7 Bankruptcy and Imposition of Automatic Stay. (Doc. 16).

The Notice provides that Meta Materials Inc. filed for protection under Chapter 7 of the United States Bankruptcy Code on August 9, 2024, and the automatic stay under 11 U.S.C. § 362 is in effect. *Id*. Notably, Meta Materials Inc. is not a party to the lawsuit, but as the Notice argues, this suit is brought by a stockholder on behalf of a corporation against its non-bankrupt directors and officers. *Id*. And as the Complaint alleges, each of the Named Defendants[1] were or currently are "Corporate Leadership" or "Executives" of Meta Materials Inc. (Doc. 3 at 61). Thus, the Notice argues this is a derivative suit, so it must be stayed upon the corporation's filing of bankruptcy. *Id*.

---

1. The Defendants in the case include ten individuals, as well as John Does 1-20 and Jane Does 1-20. (*See* Doc 3 at 1). The Court refers to the ten individuals as "Named Defendants."

In Response to the Notice, Plaintiff argues she is asserting personal, non-derivative claims based on breaches of fiduciary duty and individual harm distinct from corporate claims. (Doc. 35 at 1). However, her Amended Complaint reads otherwise. (*See* Doc. 3). Plaintiff owns Non-Voting Series A Preferred Shares of Meta Materials Inc. *Id*. at 52. Plaintiff alleges, in part, the Named Defendants, as executives of Meta Materials Inc., encouraged trading activity despite knowledge of systemic discrepancies and trading irregularities; failed to disclose material information regarding trading irregularities and share discrepancies, creating prolonged investor uncertainty; misled investors and inflated shareholder expectations; and prioritized personal and corporate interests over shareholder protection. *Id*. at 62. Specifically, Plaintiff brings a cause of action for breach of fiduciary duty against each of the Named Defendants, alleging they breached their fiduciary duties while they were executives at Meta Materials Inc. when trading Preferred Shares of Meta Materials Inc. *Id*.

As a general matter, the automatic stay created by the filing of a bankruptcy petition protects only the debtor; it does not stay actions against non-debtors. *In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 (5th Cir. 1987); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983). Courts, however, recognize certain exceptions to this baseline rule. For example, a bankruptcy stay may be extended to stay proceedings against non-bankrupt third parties if there are "unusual circumstances" showing "such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). Courts also have discretion to stay a proceeding against non-bankrupt parties "in the interests of justice and in control of their

docket." *Nat'l Oilwell Varco, L.P. v. Mud King Prod., Inc.*, No. 12-3120, 2013 WL 1948766, at *3 (S.D. Tex. May 9, 2013) (citing *Wedgeworth*, 706 F.2d at 545).

The Court agrees with Defendants that Plaintiff appears to be asserting a stockholder derivative suit. And "[i]t is fundamental that derivative claims are property of the debtor's estate." *In re Black Elk Energy Offshore Operations, LLC*, No. 15-34287, 2016 WL 4055044, at *2 (Bankr. S.D. Tex. 2007) (citing *In re Educs. Grp. Health Tr.*, 25 F.3d 1281, 1284 (5th Cir. 1994)). Thus, because the claims belong to the estate of Meta Materials Inc., it would violate the automatic stay for Plaintiff to exercise control over them. *Id.*

**IT IS THEREFORE ORDERED** this case is **ADMINISTATIVELY CLOSED**[2] pending the outcome of Case No. 24-50792, filed in the United States Bankruptcy Court for the District of Nevada.

**IT IS FURTHER ORDERED** that the Parties notify the Court within 30 days if the bankruptcy case is dismissed or the automatic stay is lifted.

Finally, the Clerk's Office is **DIRECTED** to **TERMINATE** all deadlines, hearings, and motions in this case. The Court may order the Parties to refile any necessary motions should the case be reopened.

It is so **ORDERED**.

SIGNED this 1st day of May, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

---

1. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay[.]").