**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WESTERN TEXAS**
**MIDLAND-ODESSA DIVISION**

**FILED**

MAY 0 8 2025

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

JENNIFER VETRANO,
  *Plaintiff,*

  v.

CASE NO. 7:24-CV-00325-DC-RCG

JOHN BRDA,
ALLISON CHRISTILAW, MBA, ICD.D B,
JOHN R. HARDING, UZI SASSON,
DAN EATON ESQ, MAURICE GUITTON,
ERIC M. LESLIE, PHILIPPE MORALI,
KEN HANNAH, STEEN KARSBO,
JOHN DOES 1-20, JANE DOES 1-20
  *Defendants.*

<u>**PLAINTIFF'S OPPOSED PRO SE MOTION UNDER FEDERAL RULE OF CIVIL**</u>

<u>**PROCEDURE 59(e) FOR RECONSIDERATION OF ORDER ADMINISTRATIVELY**</u>

<u>**CLOSING CASE**</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Jennifer Vetrano, appearing pro se, respectfully moves this Court pursuant to Rule 59(e)

of the Federal Rules of Civil Procedure to reconsider and vacate its Order dated May 1, 2025

(Doc. 52), which administratively closed this case based on the mistaken conclusion that

Plaintiff's claims fall within the scope of the automatic bankruptcy stay under 11 U.S.C. § 362.

As demonstrated below, the Order rests on clear factual and legal errors that require correction.

Reopening the case is necessary to prevent manifest injustice and to allow Plaintiff to pursue

direct claims against non-bankrupt parties.

## I. INTRODUCTION

This Court's May 1, 2025 Order (Doc. 52) was based on the erroneous premise that Plaintiff's Amended Complaint asserts derivative claims on behalf of Meta Materials Inc. (MMAT), subjecting this action to the automatic bankruptcy stay applicable to MMAT. That is incorrect. Plaintiff's claims arise solely from her investment in Next Bridge Hydrocarbons, a separate, solvent entity created by a spin-off from MMAT. The harm alleged is personal, direct, and not derivative of harm to MMAT.

None of the named Defendants—including John Brda—are parties to the MMAT bankruptcy. No order has extended the bankruptcy stay to them. Public records confirm that Mr. Brda's affiliation with MMAT ended in 2022, and he now leads an unrelated company (*Exhibit A and Exhibit B pgs. 4-5*). Plaintiff's claims seek damages for personal loss to her shares in Next Bridge Hydrocarbons, not for harm to MMAT itself (*Exhibit C*). Accordingly, reconsideration is warranted to allow this case to proceed against the non-debtor Defendants.

Plaintiff respectfully requests that the Court reopen the case and clarify that the automatic stay under 11 U.S.C. § 362 does not bar these claims.

## II. LEGAL STANDARD FOR RECONSIDERATION

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment where there has been (1) a manifest error of law or fact, or (2) newly discovered evidence. See Templet v. HydroChem Inc., 367 F.3d 473, 478–79 (5th Cir. 2004). Relief under Rule 59(e) is appropriate to correct clear legal errors, prevent manifest injustice, or respond to an intervening change in controlling law. See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 321 (3d Cir. 2003); Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996).

A court may grant reconsideration when it has clearly misapprehended a party's position, or the facts or law applicable to the case. See Bank One, N.A. v. FDIC, 16 F. Supp. 2d 698, 700 (N.D. Tex. 1998). Here, the Court's administrative closure rests on a legal mischaracterization of Plaintiff's claims as derivative and mistakenly assumes that they are stayed by Meta Materials Inc.&#39;s Chapter 7 bankruptcy. These conclusions contradict binding authority and the plain content of Plaintiff's pleadings.

Accordingly, Rule 59(e) provides the proper mechanism for the Court to revisit its Order and allow Plaintiff's personal claims to proceed.

### III. PLAINTIFF'S CLAIMS ARE DIRECT, NOT DERIVATIVE

Plaintiff's claims are based on distinct, personal injuries arising from her ownership of Next Bridge Hydrocarbons stock—claims that are legally classified as direct, not derivative. Under Delaware law, which governs corporate fiduciary duties and shareholder rights in this context, the test for distinguishing between derivative and direct actions is clearly established.

In Tooley v. Donaldson, Lufkin &amp; Jenrette, Inc., the Delaware Supreme Court held that a court must consider: (1) who suffered the alleged harm—the corporation or the stockholder individually; and (2) who would receive the benefit of any recovery. 845 A.2d 1031, 1033 (Del. 2004). Here, the harm is alleged to have been suffered by Plaintiff personally, and any recovery would benefit her directly, not Meta Materials Inc. These are hallmarks of a direct claim.

Further, Gentile v. Rossette confirms that fiduciary breaches that dilute the economic and voting power of shareholders can constitute both derivative and direct harm. 906 A.2d 91, 99–100 (Del. 2006). Plaintiff's claims concern the deprivation of her personal investment value, and the unlawful suppression of her ability to access, trade, or liquidate her Next Bridge shares—none of which involve harm to the MMAT corporate entity.

Texas law aligns with this principle. In Meyers v. Moody, the Fifth Circuit allowed a shareholder's personal claims to proceed where the alleged fraud caused individual harm, separate from that suffered by the corporation. 693 F.2d 1196, 1207 (5th Cir. 1982). Similarly, in Wingate v. Hajdik, 795 S.W.2d 717, 719 (Tex. 1990), the Texas Supreme Court acknowledged that a shareholder may bring an individual cause of action when the wrongdoer violates a duty owed directly to the shareholder, causing a personal loss distinct from corporate injury.

Plaintiff owns no MMAT stock and does not seek redress for harm to MMAT. Her injuries arise solely from post-spin-off conduct that occurred after Meta Materials Inc. divested its oil and gas assets and completed the non-cash distribution of Next Bridge Hydrocarbons to shareholders. At

that point, MMAT ceased to have any beneficial interest in Next Bridge or its shareholder equity. The misconduct alleged—namely, the concealment of trading irregularities, suppression of transparency, and obstruction of Plaintiff's ability to trade or access her Next Bridge shares—occurred after the separation of entities and involved no injury to MMAT itself. Accordingly, the Court's classification of these claims as derivative is a manifest error of law that requires correction.

## IV. THE AUTOMATIC STAY DOES NOT APPLY TO NON-DEBTOR DEFENDANTS

Even if Plaintiff's claims were derivative—which they are not—the automatic stay provision of 11 U.S.C. § 362 does not extend to third parties who are not debtors in the bankruptcy proceeding. The Fifth Circuit has repeatedly held that the bankruptcy stay applies only to the debtor and its property. See In re S.I. Acquisition, Inc., 817 F.2d 1142, 1147 (5th Cir. 1987); Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 544 (5th Cir. 1983).

1 Black Elk Energy involved claims that were plainly derivative because they arose from injuries to the bankrupt corporate debtor and sought recovery for harm to its estate. See In re Black Elk Energy Offshore Operations, LLC, No. 15-34287, 2016 WL 4055044, at *2 (Bankr. S.D. Tex. 2007). In contrast, Plaintiff's claims stem from conduct occurring after the spin-off of Next Bridge Hydrocarbons and allege direct, personal harm to her separate shareholder interest— outside of any MMAT estate interest. There is no claim here for damages to MMAT itself, and no bankruptcy trustee has moved to assert ownership or control over Plaintiff's causes of action.

None of the named Defendants are parties to the Meta Materials Inc. bankruptcy proceeding

(Case No. 24-50792, Bankr. D. Nev.). No party has sought, nor has any court granted, an order

extending the stay protections to them. There is no indication in the record of any unusual

circumstances, such as shared insurance, indemnification claims, or estate-depleting liabilities,

that would warrant extension of the stay. See Reliant Energy Servs., Inc. v. Enron Can. Corp.,

349 F.3d 816, 825 (5th Cir. 2003).

Plaintiff's claims seek recovery from the individual Defendants directly or through any

applicable director and officer liability policies, not from the MMAT estate. Where, as here, the

non-debtor defendants are being sued for their own misconduct and not merely as alter egos or

agents of the debtor, the stay simply does not apply. See Arnold v. Garlock, Inc., 278 F.3d 426,

436 (5th Cir. 2001).

This Court's Order effectively extended the bankruptcy stay to individuals with no legal or

procedural connection to the MMAT proceeding. Such an extension is not supported by law and,

absent findings of specific entanglement with estate assets, constitutes reversible error.

Accordingly, Plaintiff respectfully urges the Court to vacate the administrative closure and allow

her claims against the non-debtor Defendants to proceed.

## V. MANIFEST INJUSTICE IF THE CASE REMAINS CLOSED

Maintaining the administrative closure of this case would result in serious and irreparable

injustice to Plaintiff. As a pro se investor who was directly and personally harmed, Plaintiff has alleged concrete losses unrelated to the MMAT bankruptcy estate. Preventing her from pursuing claims against non-debtor individuals effectively denies her access to justice and wrongfully insulates those actors from liability.

The Fifth Circuit has repeatedly emphasized that Rule 59(e) is designed to prevent judgments "based on a manifest error of law or fact." See Templet, 367 F.3d at 478. Here, the Court's closure of Plaintiff's case was based on such an error—namely, the mistaken belief that her claims are derivative and subject to a stay that has not been extended to any defendant. No Trustee has intervened to claim ownership of her claims. No party has shown that estate property is at risk.

The Supreme Court has long held that "[t]he opportunity to be heard is an essential requisite of due process of law in a judicial proceeding." Grannis v. Ordean, 234 U.S. 385, 394 (1914). By closing this case based on an incorrect assumption of derivative status, Plaintiff was denied an opportunity to litigate her individualized claims on the merits. This outcome is particularly prejudicial given Plaintiff's pro se status, which warrants leniency and liberal construction of pleadings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

Injustice is further compounded by the fact that Plaintiff has properly pleaded specific fiduciary breaches, including the withholding of shareholder data and corporate transparency obligations related to Next Bridge Hydrocarbons. These harms are not contingent on Meta Materials&39;

bankruptcy estate and cannot be adjudicated by the bankruptcy court. See In re Educs. Grp. Health Tr., 25 F.3d 1281, 1284 (5th Cir. 1994) (derivative claims belong to the estate; direct claims remain with the investor).

Moreover, denying a litigant her day in court based on a misclassification of her claims not only undermines due process, it also contradicts the purpose of Rule 1 of the Federal Rules of Civil Procedure, which mandates the "just, speedy, and inexpensive determination of every action and proceeding." Federal courts are charged with resolving cases on their merits—not on mistaken characterizations that can be corrected with proper briefing and judicial discretion.

Absent reconsideration, Plaintiff will be left with no legal remedy against parties who, through their own conduct, allegedly caused her substantial and individualized financial harm. Reopening this case is essential to uphold both procedural fairness and substantive equity, consistent with the intent and structure of the Federal Rules.

## VI. PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. VACATE the Court's Order dated May 1, 2025 (Doc. 52) administratively closing the case;
2. CLARIFY that Plaintiff's claims are direct and personal, and therefore not subject to the automatic bankruptcy stay applicable to Meta Materials Inc.;

3. REOPEN Case No. 7:24-CV-00325-DC-RCG so that Plaintiff may proceed against non-debtor Defendants on the merits of her claims.

4. ISSUE ANY OTHER RELIEF the Court deems just and proper to protect Plaintiff's due process rights and the integrity of judicial proceedings under the Federal Rules of Civil Procedure.


Respectfully submitted,


/s/ Jennifer Vetrano


Jennifer Vetrano, Pro Se

25 Pond Hollow Lane
West Creek, NJ 08092
Email: jvetrano999@gmail.com
Phone: 908-783-0105

Date: May 6, 2025


## VI. CERTIFICATE OF SERVICE


As set forth in the Certificate of Service attached hereto, service has been duly made upon all known counsel of record. John Hardin, Attorney for Sasson, Harding, Eaton, Morali opposed this motion (Exhibit D)


/s/Jennifer Vetrano

# Express



JENNIFER VETRANO
(800) 763-6105
THE UPS STORE 80607
STE 35
297 ROUTE 72 W
MANAHAWKIN NJ 08050-2811

SHIP CLERK, US DISTRICT CLERK
TO: STE 222
200 E WALL ST

2.9 LBS
SHP WT: 3 LBS    PAK 1 O
DATE: 07 MAY 2025

MIDLAND TX 79701-5201

TX 797 9-01

UPS NEXT DAY AIR
TRACKING #: 1Z 0V1 9E0 01 5392 1422    1

BILLING: P/P

RECEIVED

MAY 08 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
MIDLAND

iments, and/or electronic media, and must weigh 8 oz. or less. UPS Express envelopes

is consider electronic media as documents. Visit ups.com/importexport to verify if your

is weighing more than 8 oz. will be billed by weight.

isitive personal information or breakable items. Do not send cash or cash equivalent.

This envelope is for use with the following ser

Do not use this envelope

Contents should be packed to ensure safe transportation.

ier terms and/or conditions
(the "Warsaw Convention") and/or
hese commodities, technology or
contrary to U.S. law prohibited.

For information about UPS's privacy
practices or to opt out from the sale of
personal information, please see the
UPS Privacy Notice at www.ups.com

Serving you for more than 110 ye
United Parcel Service.®