**Exhibit G**

# Jennifer Vetrano

| | |
|---|---|
| **From:** | Jennifer Vetrano |
| **Sent:** | Wednesday, April 9, 2025 4:41 PM |
| **To:** | cwlovato@gmail.com |
| **Subject:** | James Wes Christian and MAJOR CONFLICT OF INTEREST PLEASE REMOVE FROM META BANKRUPTCY |

**April 9, 2025**
Trustee Christina Lovato
United States Bankruptcy Court
District of Nevada

**Re: Objection to Petition Filed by Attorney James Wes Christian —** *In re: Meta Materials, Inc.***, Bankruptcy Case No. 3:2024bk50792**

Dear Trustee Lovato,

My name is Jennifer Vetrano, and I write to formally object to the petition filed by Attorney James Wes Christian seeking investigatory authority in the bankruptcy proceedings of Meta Materials, Inc. ("MMAT"), Case No. 3:2024bk50792. I am the Plaintiff in *Vetrano v. Brda et al.*, Case No. 7:24-cv-00325-DC-RCG (W.D. Tex.), where I am suing ten individuals including former officers, directors, and executives of MMAT for fraud, breach of fiduciary duty, market manipulation, and related misconduct surrounding the MMTLP securities crisis.

## My Defendants Include:

- **John Brda** (former CEO of Torchlight)
- **Uzi Sasson** (former CEO and COO of MMAT)
- **Philippe Morali** (former MMAT board member)
- **John Harding** (former Board Chair, MMAT)
- **Allison Christilaw, MBA, ICD.D,B**
- **Dan Eaton, Esq.** (Chief Legal Officer, MMAT)
- **Maurice Guitton**
- **Eric M. Leslie**
- **Ken Hannah**
- **Steen Karsbo**

Each of these individuals played a direct role in either misrepresenting the value of the Orogrande asset, approving fraudulent disclosures, or suppressing information relevant to MMTLP shareholders. These events overlap entirely with the subject matter of MMAT's bankruptcy and Attorney Christian's petition.

## Conflict of Interest and Fiduciary Failures

Attorney Christian is now serving as counsel for **Next Bridge Hydrocarbons (NBH)**—the private entity spun out of MMAT to hold oil and gas assets formerly associated with Torchlight. He represented Flamethrower LLC, born from the illegal U3 Halt, by John Brda and according to an insider, also Greg

1

McCabe. Mr. McCabe is currently the CEO of NBH and therefore would likely be privy to anything Mr. Christian investigates or opines on. Mr. McCabe is the largest MMTLP shareholder, and a central figure in my ongoing lawsuit. I believe Mr. Brda also has a significant holding of both MMAT & MMTLP and is a defendant in my case. Attorney Christian has also been integrally tied to MMAT and Flamethrower through past investigatory efforts using Shareholder Intelligence Services ("Share Intel"), and collaboration with individuals who acted as public-facing proxies to control the MMTLP narrative.

To permit Attorney Christian investigative authority under the MMAT bankruptcy is to grant him access to data and authority over matters that directly impact the outcome of my ongoing case. He is not a disinterested party under the requirements of 11 U.S.C. § 327(a). This is a **textbook example of a conflict of interest**. He cannot fairly or neutrally interpret sensitive trading data—including Electronic Blue Sheets and CAT data—that form the basis of my litigation against his current clients.

**Due Process Violations**

Allowing Mr. Christian to access this data without reciprocal disclosure to plaintiffs like me who are currently suing the parties he represents creates a constitutional imbalance under the **Due Process Clause of the Fourteenth Amendment,** as defined by:

- **Wardius v. Oregon, 412 U.S. 470 (1973)** – unequal discovery violates due process;
- **Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)** – due process requires disqualification where risk of bias exists;
- **Marshall v. Jerrico, Inc., 446 U.S. 238 (1980)** – public confidence and perceived fairness are core due process concerns.

Attorney Christian's access to critical data would grant him an unfair strategic advantage over me and others, allowing selective framing and legal leverage over information that has been denied to shareholders for over two years. Worse, this data is central to resolving the core issue of MMTLP's market manipulation—an issue he has been paid to obscure through prior engagements.

**Prolonged Misrepresentation and Withholding of Key Data**

As Plaintiff in Case No. 7:24-cv-00325-DC-RCG, I have submitted evidence that Meta Materials, under the leadership of Sasson, Morali, Harding, and others:

- Withheld a completed **Share Intel investigation report** that confirmed massive short interest in MMTLP;
- Promised shareholders litigation that never materialized.
- Refused to release a completed **Next Bridge Investor Presentation,** confirmed in writing by MMAT founder George Palikaras;
- Oversaw a two-year delay in delivering transparency while retail investors remained locked out of their investments due to FINRA's U3 halt;
- Failed to file fiduciary litigation that could have preserved shareholder claims before statutes of limitation expired .

These acts were committed under the legal and strategic guidance of Mr. Christian, and the individuals involved are now defendants in my federal securities action. Their silence, omissions, and misleading

statements created measurable harm for over 65,000 MMTLP shareholders. No court should empower Mr. Christian to conduct investigations into the very events he helped structure.

**Request for Relief**

Accordingly, I respectfully request that this Court:

1. **Deny** the petition by Attorney James Wes Christian for any investigatory role in the MMAT bankruptcy.
2. **Disqualify** Attorney Christian from further access to bankruptcy assets or data under 11 U.S.C. § 327(a), pending formal review.
3. **Appoint** an independent, neutral investigator with no prior relationship to NBH, MMAT, or Share Intel to review any claims arising from short selling or naked short manipulation of MMTLP.
4. **Compel full disclosure** of all prior investigative reports, NDAs, fee arrangements, and communications between Christian, Share Intel, Meta Materials, and Next Bridge Hydrocarbons, including the suppression of findings paid for by shareholders.
5. **Establish an oversight mechanism** to ensure equal access to data for all harmed shareholders, including pro se litigants like myself, with specific regard to Electronic Blue Sheets, CAT data, NOBO/OBO lists, and transactional logs.

This proceeding must not be reduced to a stage-managed performance by insiders using the guise of bankruptcy to obscure wrongdoing. A neutral process requires that conflicted parties be removed from influence. I request this Court ensure that MMTLP shareholders—many of whom were intentionally misled—receive impartial, honest oversight.

Thank you for your consideration.

Respectfully,
**Jennifer Vetrano**
25 Pond Hollow Lane
West Creek, NJ 08092
908-783-0105

**Jennifer Vetrano**

Associate Manager, Major Accounts

786-918-9254  ·  908-783-0105
phone              mobile

Jvetrano@opko.com
email



4400 Biscayne Boulevard, Miami, FL 33137 USA