**Exhibit H**



**James W. Christian**
*jchristian@christianattarlaw.com*

April 16, 2025

*Via Email Only*
Jeffrey L. Hartman
jlh@bankruptcyreno.com

Re: (a) Concurrent Representation of Meta Materials Inc. ("Meta") and Next Bridge Hydrocarbons, Inc. ("NBH")– No Conflict of Interest and (b) Emails from Jennifer Vetrano and Danielle Spears (collectively, the "Perpetrators") to Christina Lovato

Dear Jeffrey:

As the former chair of the Litigation Section of the State Bar of Texas (where I am presently emeritus), I take allegations of conflicts of interest seriously. However, I take issue with individuals who attempt to falsely create an apparent conflict for nefarious purposes. As explained below, the Perpetrators (along with their other co-conspirators) are attempting to obstruct, impair, and derail our legal cases against market manipulators by fabricating/spinning a supposed conflict. The Perpetrators have:

  a.  filed numerous bizarre and incoherent pro se complaints in federal court (which are all very similar in nature) against Meta, NBH, Gregory McCabe, et, al.;

  b.  filed a grievance against me to the State Bar of Texas (where my record is pristine). Ms. Vetrano's complaint is that I sent an evidence preservation letter that is too aggressive[1]. I am certain the complaint will be dismissed as it was simply a standard evidence preservation letter; and

  c.  held Space Calls and distributed tweets on X and other platforms attempting to obstruct and impair our team by having us deal with the Perpetrator's false accusations.

All the foregoing actions are intended to obstruct our efforts on behalf of Meta to hold all people and entities responsible for destroying the market value of the securities of Meta. While I cannot prove today they are shielding for the very people we are pursuing, their acts are certainly consistent with this purpose.

---

[1] A Copy of Vetrano's complaint to the State Bar of Texas enclosed herein as **Exhibit A**; and an email from Jennifer Vetrano to James W. Christian, dated March 29, 2025, regarding the same is enclosed herein as **Exhibit B**.

Jeffrey L. Hartman
April 16, 2025
Page 2 of 5

Accordingly, this letter is submitted to explain and confirm, in connection with the undersigned firm's representation of NBH, that there is no potential or actual conflict of interest based on the undersigned firm's concurrent representation of Meta Materials, Inc. in the matter *In Re Meta Materials Inc.*, Case No. 24-50792-hlb, pending in the United States Bankruptcy Court in Reno, Nevada.

As you are aware, at the outset of retaining my firm, I advised you that I would not represent Mr. McCabe individually in any matter (as you advised me that Meta might be investigating potential claims against him). At that time, I advised you I was representing NBH in a defamation, business disparagement, and tortious interference suit that will be pursued against some of the members of the same group referred to above that (a) have complained to the court; and (b) filed frivolous pro se complaints against many parties, including Meta. I made it clear to Mr. McCabe, I could not represent him in an individual capacity in the multiple pro se suits described below. As such, he retained separate legal counsel for his individual representation. I understand the parties have alleged to the court I have a conflict; however, nothing could be further from the truth.

As set forth in more detail below, the scope of ChristianAttar's representation of NBH includes (i) the defense of NBH in connection with certain lawsuits filed by pro se litigants in the Western District of Texas asserting various claims against NBH; and (ii) the prosecution of claims to be asserted by NBH against certain third parties for tortious interference with existing contract, tortious interference with prospective business relations, and business disparagement arising from conduct that has caused harm to NBH's business operations and reputation. ChristianAttar's representation of NBH is limited exclusively to these matters and does not extend to any other legal services. Based on our current investigation and review, we are aware of no conflict of interest that would preclude our representation of NBH in these matters. For the sake of clarity, ChristianAttar's scope of representation of NBH **does not** include or involve investigation into potential claims of stock manipulation as that cannot exist because NBH did not "trade their own securities," nor did they receive anything from Meta that could be clawed back etc.

Under Rule 327 of the Bankruptcy Code and relevant case law, an actual conflict arises only when an attorney is concurrently serving two interests that are directly adverse and cannot be reconciled without impairing the attorney's ability to exercise independent judgment. *In re Am. Printers & Lithographers, Inc.*, 148 B.R. 862, 866 (Bankr.N.D.Ill.1992) (Schmetterer, J.); *Johnson v. Richter, Miller & Finn (In re Johnson)*, 312 B.R. 810, 822 (E.D. Va. 2004). Here, no such conflict exists. The matters do not involve active competition between Meta and NBH's interests, nor would representation in one matter require compromising the other matter.

To the extent any party may assert that a "potential conflict" exists, it is well established that such hypothetical concerns, standing alone, are not grounds for disqualification. The distinction between actual and potential conflicts is recognized by courts that favor a fact-specific, functional approach rather than per se rules. *In re Am. Printers & Lithographers*, 148 B.R. at 866 (citing *In re Harold & Williams Dev. Co.*, 977 F.2d 906, 910 (4th Cir.1992); *In re BH & P, Inc.*, 949 F.2d 1300, 1315–16 (3d Cir.1991)). Only actual, current competition of interests—not speculative or contingent ones—warrant disqualification under 11 U.S.C. § 327(c). *In re Hummer Transp., Inc.*, 2013 Bankr. LEXIS 5587, at *11 (Bankr. E.D. Cal. 2013); *In re Am. Printers &*

Jeffrey L. Hartman
April 16, 2025
Page 3 of 5

*Lithographers, Inc.*, 148 B.R. at 866. Indeed, events that may occur in the future are not relevant. *Id.* As such, the chance that there may be a potential conflict in the future between Meta and NBH is not enough to preclude my firm's involvement in the ongoing cases.

**I.      Scope of Representation of NBH in pending Western District of Texas Cases**

In March 2025, NBH was served with three lawsuits filed by three pro se litigants in the Western District of Texas (collectively, "Pro Se Lawsuits")[2]. Mr. McCabe was also named as a defendant in the Pro Se Lawsuits. NBH retained ChristianAttar to assist it with its' defense. ChristianAttar solely represents NBH in the Pro Se Lawsuits and **does not** represent Mr. McCabe in his individual capacity. Indeed, Mr. McCabe has retained Jill C. Pennington of Smith Clark Pennington PLLC and J. Paul Manning of Field Manning Stone Aycock P.C. for his individual representation. For ease of reference, included below is a list of the Pro Se Lawsuits and a description of the claims brought against NBH:

1. Case No. 7:24-cv-317; *Contique Willcot v. Securities & Exchange Commission, GTS Securities LLC, Ari Rubinstein, Next Bridge Hydrocarbons, Inc., John Brda, Gregory McCabe, Financial Industry Regulatory Authority*; filed in the Western District of Texas ("Willcot Matter")

    a. The causes of action asserted against NBH include: (i) Violations of Securities Exchange Act of 1934 (15 U.S.C. §78); (ii) Violation of the Sherman Antitrust Act (15 U.S.C. §§ 1-2) and the Clayton Act (15 U.S.C. §§ 12-27); (iii) Negligence; (iv) Unjust Enrichment; (v) Conspiracy to Commit Fraud; and (vi) Emotional Distress (Negligent or Intentional Infliction).

2. Case No. 7:24-cv-321; *Danielle Spears v. Next Bridge Hydrocarbons, Inc., Gregory McCabe, John Brda, Roger N Wurtele, Kenneth Rice, Joseph DeWoody, Clifton Dubose, Jane Doe 1-20, John Do 1-20*; filed in the Western District of Texas ("Spears Matter")

    a. The causes of action asserted against NBH include: (i) Violations of Securities Exchange Act of 1934 (15 U.S.C. §78); (ii) Negligence; (iii) Unjust Enrichment; (iv) Conspiracy to Commit Fraud; and (v) Emotional Distress (Negligent or Intentional Infliction).

3. Case No. 7:24-cv-322; *Matthew J. Pease v. Securities & Exchange Commission, Financial Industry Regulatory Authority, John Brda, Gregory McCabe, Next Bridge Hydrocarbons;* filed in the Western District of Texas ("Pease Matter")

    a. The causes of action asserted against NBH include: (i) Violations of Securities Exchange Act of 1934 (15 U.S.C. §78); (ii) Breach of Fiduciary Duty; (iii) Violation of Sarbanes-Oxley Act (15 U.S.C. § 7201); (iv) Violation of Regulation FD (17 C.F.R. § 243.100); (v) Fraudulent Inducement and

---

[2] Copies of the live pleadings in the Pro Se Lawsuits are enclosed herein as **Exhibits C-E**.

Jeffrey L. Hartman
April 16, 2025
Page 4 of 5

    Misrepresentation; (vi) Negligent and Intentional Infliction of Emotional Distress; and (vii) Conspiracy to Commit Fraud.

  b. Notably, there does not appear to be a direct cause of action against the companies, as the Plaintiff always qualifies with "corporate officers" and "including but not limited to Brda and McCabe." Despite the foregoing, NBH is a named Defendant.

  For each of the Pro Se Lawsuits, ChristianAttar intends to pursue a dismissal of all claims asserted against NBH pursuant to FRCP 12(b)(6). We believe there is a high likelihood that the Pro Se Lawsuits will be dismissed for failure to state a claim because: (i) Plaintiffs lack standing for any of their claims; (ii) the claims are derivative in nature as they represent harm shared by all stockholders rather than direct harm to the individual shareholder; and (iii) certain claims are barred by the statute of limitations. Notably, none of these bases involve Meta.

  Fore reference, NBH's deadlines for filing a responsive pleading in the Pro Se Lawsuits are as follows: (a) Willcot Matter on May 8, 2025; (b) Spears Matter on May 12, 2025; and (c) Pease Matter on May 25, 2025.

## II.  Scope of Representation of NBH in Other Matters

  ChristianAttar has also been retained by NBH to pursue potential claims for business disparagement, tortious interference with the Orogrande Lease, and tortious interference with prospective relations. To be clear, we have not been retained to represent Mr. McCabe in his individual capacity, nor have we been retained to pursue any other Meta or market manipulation matter. The only material action our firm has taken in pursuing this potential litigation has been to send electronically stored information ("ESI") preservation letters to individuals who have, based on document statements, made potentially actionable statements about NBH on X. The ESI letter references the preservation of communications regarding NBH, or any officer or director of NBH. It's important to note that the potential claims we are pursuing on behalf of NBH do not involve or relate to stock manipulation or anything related thereto. The shareholder's complaint about my firm's alleged investigation into stock manipulation of NBH is frivolous and unsupportable. As stated above, the same shareholder who made this complaint, Jennifer Vetrano, filed an additional ethics complaint against me with the State Bar of Texas. Her sole basis for this ethics complaint was for sending her the evidence preservation letter. These acts are abusive and unacceptable.

## III.  Withdrawal of Representation of NBH if Avoidance Actions are Pursued

  We are aware that the Trustee for Meta is investigating one or more potential avoidance actions in the future against Mr. McCabe. If that occurs, we will not be representing Mr. McCabe. In the event that the Trustee also opts to pursue any similar actions against NBH, ChristianAttar will withdraw from representation of NBH in the Pro Se Lawsuits and in the other matters for which it is investigating potential claims of business disparagement, tortious interference with the Orogrande Lease, and tortious interference with prospective relations. We have disclosed to NBH our need to withdraw if an actual conflict of interest arises regarding a claim filed by the trustee against NBH based on ChristianAttar's concurrent representation of Meta. Further, NBH would

Jeffrey L. Hartman
April 16, 2025
Page 5 of 5

be willing to provide a letter to the trustee that contains NBH's consent and acknowledgement of the same. Put simply, we cannot imagine what claim Meta would ever have against NBH. It simply does not exist. If however, the trustee elects to file a claim against NBH, we will withdraw with the consent of NBH.

I believe these Perpetrators are acting as a shield for the people who we are pursuing in discovery and in our lawsuit. They will do anything to impair or block us. We must **not** bow to their manipulation unless there is a true conflict (which there is not). My hope is we discuss this in detail and disclose what's necessary. We cannot let these spurious letters from our opponents cause us to do anything to stop our actions, as I believe they will not stop unless we classify it for what it is – harassment which we frequently experience in these types of cases.

We remain mindful of our ongoing duty to disclose any circumstances that may give rise to a conflict of interest. Should any such issue arise during the course of our representation of NBH, we will promptly notify the trustee and all necessary parties in accordance with the applicable ethical rules and bankruptcy procedures. Please let me know if you require any additional information or have any questions.

Sincerely,

/s/James W. Christian
James W. Christian

Enclosures:

Vetrano Complaint to the State Bar of Texas (**Exhibit A**)
Email from Jennifer Vetrano to James W. Christian, dated March 29, 2025 (**Exhibit B**)
Pro Se Lawsuit of Spears (**Exhibit C**)
Pro Se Lawsuit of Pease (**Exhibit D**)
Pro Se Lawsuit of Willcot (**Exhibit E**)