**Exhibit K**

Case 7:24-cv-00325-DC-RCG    Document 56-12    Filed 05/13/25    Page 2 of 9
Case 24-50792-hlb    Doc 1878-4    Entered 04/23/25 14:13:26    Page 8 of 279
Case 7:24-cv-00325-DC-RCG    Document 33-2    Filed 03/31/25    Page 15 of 36

## Complaint to the State Bar of Texas

Complainant Information:

Jennifer Vetrano

25 Pond Hollow Lane, West Creek, NJ 08092

Jvetrano999@gmail.com

Attorney Information:

James Wes Christian

1177 West Loop South, Suite 1700, Houston, TX 77027

Phone: 713-659-7617

Subject: Ethical Violations Related to Overly Broad and Burdensome Litigation Hold Notice, Significant Conflict of Interest, Improper Representation, and Potential Impropriety

Date: March 8, 2025

Introduction:

This complaint is filed to report potential ethical violations by Attorney James Wes Christian, arising from a litigation hold notice dated March 4, 2025, concerning MMTLP. The notice contains discovery requests that are excessively broad, burdensome, and potentially violative of Texas Rules of Civil Procedure, as well as ethical obligations. Furthermore, James Wes Christian is currently working with the Meta Materials bankruptcy case, and the Meta Materials Board of Directors is included as a party in my Pro se court case (Case number 7:24-CV-325). This direct and ongoing representation of a party involved in my litigation, especially in the context of bankruptcy proceedings, creates a severe and undeniable conflict of interest. Additionally, it has come to my attention that James Wes Christian is paying stock promoters, such as Gary Valinoti (known as "Ham the ShortKiller" on social media), $300 per hour for "consulting," which raises serious questions about potential impropriety.

Case 7:24-cv-00325-DC-RCG   Document 56-12   Filed 05/13/25   Page 3 of 9
Case 24-50792-hlb   Doc 1878-4   Entered 04/23/25 14:13:26   Page 9 of 279
Case 7:24-cv-00325-DC-RCG   Document 33-2   Filed 03/31/25   Page 16 of 36

Statement of Facts:

Overly Broad Discovery Requests:

On March 4, 2025, I received a litigation hold notice from Mr. Christian demanding "all documents" related to MMTLP, without specifying the subject matter or timeframe.

This demand violates Texas Rule of Civil Procedure 192.3(a), which requires discovery requests to be proportional and relevant. See In re Nat'l Lloyds Ins. Co., 532 S.W.3d 814, 820 (Tex. App.—Corpus Christi–Edinburg 2017, orig. proceeding) ("A request for 'all documents'...is overly broad."). See also In re Alford Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex. 1999) (emphasizing the need for reasonable particularity in discovery requests).

The request for records dating back to 2018, when I acquired MMTLP shares in late 2022, is particularly egregious and appears to be a "fishing expedition." See In re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003) (holding that discovery requests must be reasonably tailored).

Lack of Specificity and Vague Definitions:

The notice contains numerous vague terms, such as "activity log," "audit compliance," and "relevant to the claim," without providing clear definitions.

This lack of specificity violates Texas Rule of Civil Procedure 192.3(b), which requires specific and particularized requests. See Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989) (emphasizing the importance of specificity in discovery). See also In re Am. Optical Corp. Prods. Liab. Litig., 165 S.W.3d 449, 454 (Tex. App.—Corpus Christi 2005, orig. proceeding) (holding that a request for "all documents relating to" a particular subject is overly broad).

Invasion of Privacy and Chilling Effect on Free Speech:

The requests for social media information and "reports, complaints, or moderation actions on X" raise significant privacy concerns and potentially infringe on First Amendment rights.

This is a violation of the Texas Constitution art. I, § 19. See Industrial Found. of the South v. Texas Indus. Accident Bd., 540 S.W.2d 668, 682 (Tex. 1976) (recognizing a constitutional right to privacy).

Potential Harassment and Intimidation:

Case 7:24-cv-00325-DC-RCG    Document 56-12    Filed 05/13/25    Page 4 of 9
Case 24-50792-hlb    Doc 1878-4    Entered 04/23/25 14:13:26    Page 10 of 279
Case 7:24-cv-00325-DC-RCG    Document 33-2    Filed 03/31/25    Page 17 of 36

As a pro se plaintiff in Case No. 7:24-CV-325, I perceive the litigation hold notice as potentially retaliatory and an attempt to intimidate or interfere with my lawsuit.

I have reason to believe that Mr. Christian has preexisting relationships with those named in my lawsuit, creating a conflict of interest.

This may violate Texas Rule of Civil Procedure 191.3, which prohibits discovery abuse. See Chrysler Corp. v. Blackmon, 841 S.W.2d 844, 849 (Tex. 1992) (recognizing the potential for discovery abuse).

Undue Financial Burden:

As a pro se litigant and single parent, the requests for forensically qualified images and data from Access or Oracle databases place an undue financial burden on myself. See Tex. R. Civ. P. 192.4 (allowing objections based on undue burden and expense); In re Deere & Co., 299 S.W.3d 819, 821 (Tex. 2009) (recognizing that discovery costs can be a factor in determining proportionality).

Direct and Ongoing Conflict of Interest Through Representation of Meta Materials in Bankruptcy:

James Wes Christian is currently working with the Meta Materials bankruptcy case.

The Meta Materials Board of Directors is included as a party in my pending court case, 7:24-CV-325.

This direct and ongoing representation of a party involved in my litigation, especially in the context of bankruptcy proceedings, creates a severe and undeniable conflict of interest. Mr. Christian's ability to provide impartial representation is fundamentally compromised.

Potential Conflict of Interest Due to Prior Representation:

It has come to my attention that James Wes Christian has represented John Brda in matters related to Flamethrower and Meta Materials.

John Brda is a person named in my Pro se lawsuit.

This prior representation creates a clear conflict of interest, as Mr. Christian's current actions may be influenced by his past relationship with Mr. Brda. This conflict compromises his ability to provide impartial representation.

This is a violation of the Texas Disciplinary Rules of Professional Conduct regarding conflicts of interest.

Potential Impropriety Through Payments to Stock Promoters:

Case 7:24-cv-00325-DC-RCG   Document 56-12   Filed 05/13/25   Page 5 of 9
Case 24-50792-hlb   Doc 1878-4   Entered 04/23/25 14:13:26   Page 11 of 279
Case 7:24-cv-00325-DC-RCG   Document 33-2   Filed 03/31/25   Page 18 of 36

It has come to my attention that James Wes Christian is paying stock promoters, such as Gary Valinoti (known as "Ham the ShortKiller" on social media), $300 per hour for "consulting."

This raises serious questions about potential impropriety and whether these payments are being made to influence public perception or manipulate stock prices.

Rules of Professional Conduct Violated:

Texas Disciplinary Rules of Professional Conduct, specifically rules related to:

Rule 3.04: Abuse of Discovery

Rule 4.04: Respect for Rights of Third Persons.

Rule 1.06: Conflict of Interest: General Rule.

Rules pertaining to reasonable discovery.

Rules pertaining to improper representation.

Rules pertaining to conduct prejudicial to the administration of justice.

Relief Sought:

I request that the State Bar of Texas investigate these potential ethical violations, including the severe and ongoing conflict of interest arising from Mr. Christian's representation of Meta Materials in bankruptcy, the conflict of interest arising from Mr. Christian's prior representation of John Brda, and the potential impropriety related to payments to stock promoters, and take appropriate disciplinary action against Attorney James Wes Christian.

Supporting Documentation:

1) Copy of the litigation hold notice dated March 4, 2025.
2) Copy of the objection letter sent to Mr. Christian.
3) Any documentation that you have that shows James Wes Christian represented John Brda in Flamethrower or Meta Materials matters.
4) Any documentation that shows James Wes Christian is working with the Meta Materials bankruptcy case.
5) Case number 7:24-CV-325 complaint

Case 7:24-cv-00325-DC-RCG   Document 56-12   Filed 05/13/25   Page 6 of 9
Case 24-50792-hlb   Doc 1878-4   Entered 04/23/25 14:13:26   Page 12 of 279
Case 7:24-cv-00325-DC-RCG   Document 33-2   Filed 03/31/25   Page 19 of 36

6) Utube video that shows James Wes Christian is paying stock influencer, "Ham the Shortkiller" Gary Valinoti $300 per hour on the Utube channel of William P. Farrand, dated September 29, 2023, disclosed by Gary Valinoti during the video.

If you have any further information for me please feel free to reach out. My email is jvetrano999@gmail.com and phone 908-763-0105.


Sincerely,


Jennifer Vetrano

**Holly Pappas**

| | |
|---|---|
| From: | Jennifer Vetrano <jvetrano999@gmail.com> |
| Sent: | Saturday, March 29, 2025 3:21 PM |
| To: | James Wes Christian; Holly Pappas |
| Subject: | Jennifer Vetrano/@fearles59324823 on X |

Date: March 29, 2025

Dear Mr. Christian,

I am writing to acknowledge receipt of your Litigation Hold Letter dated March 26, 2025, sent via private message to fearles59324823 on the social media platform X (Twitter).

I must express my serious concern regarding several ethical issues arising from your recent correspondence. As you are aware, attorneys practicing in federal court, as well as in the state of Texas, are bound by stringent ethical rules governing professional conduct. These include, but are not limited to:

Western District of Texas Local Rule AT-7, requiring adherence to the highest ethical, professional, and civil standards.

Texas Disciplinary Rule of Professional Conduct 4.04(a), prohibiting actions meant solely to burden, intimidate, or embarrass third persons.

Texas Disciplinary Rule of Professional Conduct 1.06, prohibiting representation involving conflicts of interest.

ABA Model Rule 4.4, requiring respect for third-party rights and prohibiting methods designed to burden third persons.

1

ABA Model Rule 8.4, prohibiting intimidating and prejudicial conduct, dishonesty, and misrepresentation.

ABA Model Rule 1.7, prohibiting conflicts of interest, particularly representation materially limited by responsibilities to other clients or interests.

I must highlight the contradictions between your recent communication and these established ethical guidelines. Firstly, the tone, severity, and explicitly aggressive language of your letter—particularly against myself, a Pro Se litigant and Next Bridge Hydrocarbons shareholder actively involved in litigation against John Brda and the Meta Materials Board of Directors (either your previous or current clients) in case number 7:24-CV-00325-DC-RCG—can only be viewed as retaliatory and intended to chill the Plaintiff. Such conduct is inappropriate and directly contravenes the aforementioned ethical standards.

Furthermore, your repeated references to Mr. Greg McCabe, whom you explicitly do not represent, demonstrate a significant and concerning conflict of interest. The consistent invocation of Mr. McCabe's name throughout your correspondence raises serious questions about your professional independence and your duty of loyalty exclusively to your client, NBH. Moreover, your deliberate omission of your official role as attorney of record for Next Bridge Hydrocarbons in the pending federal litigation further compounds this conflict, representing a breach of transparency and candor.

Additionally, I find it particularly disappointing and disturbing that an attorney of your tenure and experience would consider it appropriate to deliver a litigation hold letter via private message on a social media platform rather than utilizing a more professional, conventional, and respectful method. I have previously had multiple legal hold letters sent to my home and your Legal Assistant Holly Pappas has previously corresponded with me via email, which further amplifies the inappropriate and unprofessional choice of using social media for such serious and formal communication.

Your tactics, leveraging your considerable position of power and resources against a litigant in my circumstances, fall below acceptable standards of professional conduct.

To be clear, I will adhere to the instructions of the Court and the presiding Judge, not to your demands. However, given your insistence on continually referencing Mr. McCabe, whom you do not represent, I urge you to preserve all communications and documentation related to Next Bridge Hydrocarbons, John Brda, and the Meta Materials Board of Directors.

2

I trust that you will take these concerns seriously and act accordingly.

Respectfully,

Jennifer Vetrano

/s/ Jennifer Vetrano

3