## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **JENNIFER VETRANO,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **MO:24-CV-00325-DC-RCG** |
| | § | |
| **JOHN BRDA et al.,** | § | |
| *Defendants*. | § | |

## ORDER

This case is administratively closed pursuant to an automatic bankruptcy stay under 11 U.S.C. § 362. (Doc. 52). Without requesting the Court lift the stay or reopen the case, Plaintiff Jennifer Vetrano ("Plaintiff") filed two motions: Motion Under FRCP 59(e) for Reconsideration of Order Administratively Closing Case (Doc. 55) and Emergency Motion for Protective Order to Prevent Irreparable Harm and Safeguard the Integrity of the Judicial Process (Doc. 56). While keeping the case administratively closed, the Court **DENIES** Plaintiff's Motions. (Docs. 55, 56).

Because these Motions are not properly before the Court, it is not necessary to consider them. However, even if the Court did, the Motions have no merit. First, in Plaintiff's Motion to Reconsider, Plaintiff argues her claims are direct, rather than derivative, as her injuries arise from her ownership of Next Bridge Hydrocarbons stock and she does not seek redress for harm to Meta Materials. (Doc. 55 at 3–4). Further, the automatic stay does not apply here because none of the Named Defendants are parties to Meta Materials' bankruptcy proceedings and Plaintiff's claims stem from conduct occurring after Meta Materials completed the spin-off into Next Bridge Hydrocarbons. *Id*. at 5–6. But as the Court stated previously, Plaintiff may now be alleging that her injuries resulted from her investment in Next Bridge Hydrocarbons (Doc. 55 at 2), but her Amended Complaint reads differently (*See* Doc. 3). Plaintiff must

remember she has only brought suit against Meta Materials' former and current leadership. *Id.* at 10–11. As far as the Court can tell, none of the Named Defendants are involved in the corporate governance of Next Bridge Hydrocarbons. *Id.* at 63. Further, while Plaintiff's statement of facts in her Amended Complaint spans 46 pages, few of those facts relate to actions individually taken by the Named Defendants. *See id.* at 12–58. Rather, regarding the Named Defendants, Plaintiff generally alleges the Named Defendants breached their fiduciary duties to the shareholders in their roles as members of the Board of Meta Materials. *Id.* at 51–52, 57–60.

As the cause of action here likely belongs to Meta Materials, which is in bankruptcy, the Court finds it necessary to stay the case. *See In re Chiron Equities, LLC*, 552 B.R. 674, 689 (Bankr. S.D. Tex. 2016) ("Noting first that 'the fiduciary obligations of corporate officers are often identical to those of directors,' the Fifth Circuit held that 'a cause of action for breach of directors' fiduciary duties belongs to the corporation and cannot be brought by a stockholder in his own right, nor can the shareholder directly prosecute the suit in the name of the corporation.'" (quoting *Gearhart Indus., Inc. v. Smith Int'l, Inc.*, 741 F.2d 707, 721–22 (5th Cir. 1984))). Finally, courts may also exercise their discretion to stay a proceeding against nonbankrupt defendants "in the interests of justice and in control of their dockets." *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 723 (S.D. Tex. 2010) (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983)); *see Gulf Coast Hotel–Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, No. 08-CV-1430, 2010 WL 972248, at *3 (S.D. Miss. Mar. 12, 2010) (finding that a district court may issue a discretionary stay even when a § 362 is inappropriate)). Thus, Plaintiff's Motion Under FRCP 59(e) for Reconsideration of Order Administratively Closing Case is **DENIED**. (Doc. 55).

Second, Plaintiff's Emergency Motion for a Protective Order is a nonstarter. (Doc. 56). In her Motion, Plaintiff asks the Court to enter a protective order that does the following: (1) prohibit Attorney James Wes Christian from accessing, using, or disclosing information obtained through his representation of Flamethrower LLC, Meta Materials Bankruptcy, or Next Bridge Hydrocarbons; (2) prohibit Attorney James Wes Christian from communicating with any Defendant in this case; (3) require Attorney James Wes Christian to submit sworn certifications to this Court; (4) order Attorney James Wes Christian to preserve all records of his communications and information as it relates to this matter; (5) enjoin Attorney James Wes Christian and Next Bridge Hydrocarbons from filing or threatening to file any legal action against Plaintiff; (6) order production of a litany of information from several non-Defendant entities to Plaintiff so she may understand the underlying facts of her claims; and (7) refer Attorney James Wes Christian to the state disciplinary authority. *Id*. at 6–8. The Court declines to entertain these requests as Attorney James Wes Christian and the various entities referenced are not a part of this case. Thus, Plaintiff's Emergency Motion for a Protective Order is **DENIED**. (Doc. 56).

The Court reminds Plaintiff this case is **ADMINISTRATIVELY CLOSED** pending the outcome of Case No. 24-50792, filed in the United States Bankruptcy Court for the District of Nevada. (Doc. 52).

It is so **ORDERED**.

SIGNED this 20th day of May, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

3