IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN TEXAS
MIDLAND-ODESSA DIVISION

FILED

AUG 1 1 2025

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
　　　　　　　　DEPUTY

JENNIFER VETRANO,
*Plaintiff*

v.

JOHN BRDA,
ALLISON CHRISTILAW, MBA, ICD.D B,
JOHN R. HARDING, UZI SASSON,
DAN EATON ESQ, MAURICE GUITTON,
ERIC M. LESLIE, PHILIPPE MORALI,
KEN HANNAH, STEEN KARSBO,
JOHN DOES 1-20, JANE DOES 1-20
*Defendants*.

Case No.: 7:24-CV-00325-DC-RCG

**PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD AND FOR DISCLOSURE OF CONFLICTS OF INTEREST AND LACK OF CANDOR**

TO THE HONORABLE JUDGE GRIFFIN:

Plaintiff Jennifer Vetrano respectfully moves this Court, pursuant to Federal Rule of Evidence 201 and the Court's inherent authority, to supplement the record with newly discovered public documents that reveal material omissions and potential conflicts of interest affecting defense counsel's representation. For the reasons set forth below, Plaintiff requests an order requiring

disclosure and appropriate case management measures to preserve the integrity of these proceedings.

## I. INTRODUCTION

This motion addresses a significant conflict of interest and lack of candor involving defense counsel Perkins Coie LLP. The firm simultaneously represents Meta Materials Inc. in bankruptcy proceedings while defending individual officers and directors of the same company in this shareholder litigation. Public records reveal that Perkins Coie received substantial compensation from Meta Materials and facilitated material transactions with Texas-based entities—facts that contradict jurisdictional representations and warrant judicial scrutiny.

## II. BACKGROUND

Plaintiff is a pro se shareholder of Next Bridge Hydrocarbons (formerly MMTLP), holding 893 shares at Fidelity. Plaintiff does not own Meta Materials Inc. Stock. Defendants Uzi Sasson, Dan Eaton, Philippe Morali, and others are former officers and directors of Meta Materials Inc. Perkins Coie LLP represents these individual defendants in this litigation while simultaneously representing Meta Materials Inc. in Chapter 7 bankruptcy proceedings in Case No. 24-50792-hlb. (Exhibit E, page 4, Schedule to SOFA Q3 page 1).

## III. STATEMENT OF FACTS

A. Perkins Coie's Financial Relationship with Meta Materials

According to public bankruptcy filings, Perkins Coie LLP received $1,905,800.45 in payments from Meta Materials in the year prior to its Chapter 7 filing on August 9, 2024 (Exhibit E, page

4). This substantial compensation confirms a significant attorney-client relationship with the corporate entity.

B. Material Texas Transactions

**On July 3, 2024, Defendant Uzi Sasson executed an Asset Purchase Agreement on behalf of Meta Materials for the sale of its Authentix business unit to Authentix, Inc., a company headquartered at 4355 Excel Parkway, Addison, Texas.** (Exhibit A/B). The transaction, valued at approximately $10 million, involved direct contractual negotiations with a Texas-based entity and was facilitated by Perkins Coie LLP. Authentix is a global leader in authentication and brand protection services, and its Texas domicile is publicly confirmed. Sasson's signature on the agreement constitutes purposeful availment of Texas jurisdiction under Moncrief Oil Int'l Inc. v. OAO Gazprom, 481 F.3d 309 (5th Cir. 2007).

C. Jurisdictional Representations

In their Motion to Dismiss [Dkt. 10], defense counsel asserted that Defendants such as Sasson and Morali had No Meaningful Connection with Texas. The Perkins Coie Counsel also claims that they do not have significant contacts with Texas in their professional capacity. The Asset Purchase Agreement (Exhibit F) among Authentix, Inc. and Authentix Solutions Canada, Inc. and Nanotech Security Corp. lists the following;

- a. Under 14.6 Notices, section (b) on page 58 of the Asset Purchase Agreement among Authentix, Inc. and Authentix Solutions Canada, Inc. and Nanotech Security Corp. it lists the parties involved in the transactions that correlate with Meta Materials Inc. including Defendant Dan Eaton, ESQ Chief Legal Officer and Perkins Coie LLP.
- b. Page 62, signed by Uzi Sasson, CEO

    c. Page 59, (ii) in the case of Buyer: Authentix, Inc. 4355 Excel Parkway, Suite 100, Addison, TX 75001

**The Authentix transaction directly contradicts these representations and raises concerns about material omissions in jurisdictional briefing.**

D. Service of Process Discrepancy

The process server's affidavit indicates Defendant Sasson was served on February 26, 2025, while his declaration states service occurred on February 27, 2025. The Defendant failed to respond timely and instead filed an untimely and procedurally deficient Motion to Dismiss on March 20, 2025 without obtaining an extension from Plaintiff or the Court. (Exhibit D) This discrepancy affects the timeline for responsive pleadings and may reflect a lack of candor under Fed. R. Civ. P. 11(b)(3) and Tex. Disc. R. Prof'l Conduct 3.03(a)(1), which prohibit false statements of fact to the tribunal.

## IV. LEGAL STANDARD

Under Fed. R. Evid. 201(b), courts may take judicial notice of facts "not subject to reasonable dispute" that are "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts also possess inherent authority to address attorney conflicts and ensure the integrity of proceedings. See Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

When conflicts are alleged, courts apply the substantial relationship test. See In re American Airlines, Inc., 972 F.2d 605 (5th Cir. 1992); IBEW Local 98 v. NECA, 947 F.2d 1308 (5th Cir. 1991). Texas Disciplinary Rules 1.06 and 1.09 govern concurrent and successive representation conflicts. Rule 1.06 prohibits representation where interests are materially adverse in substantially related matters.

# V. ARGUMENT

## A. Concurrent Representation Conflict

Perkins Coie's simultaneous representation of Meta Materials and its officers creates a potential conflict under Rule 1.06. The interests of the corporate entity and individual defendants may diverge regarding shareholder harm, asset disposition, and litigation strategy. Courts have held that such conflicts must be addressed proactively. See Brennan's, Inc. v. Brennan's Restaurant, Inc., 590 F.2d 168 (5th Cir. 1979).

## B. Access to Privileged Information

Perkins Coie's prior representation may have provided access to privileged information relevant to this litigation. The Fifth Circuit's two-pronged test—(1) existence of an attorney-client relationship and (2) substantial relation between matters—supports judicial inquiry. See Duncan v. Merrill Lynch, 646 F.2d 1020 (5th Cir. 1981); Grant v. Thirteenth Court of Appeals, 888 S.W.2d 466 (Tex. 1994).

## C. Material Omissions and Lack of Candor

Defense counsel's failure to disclose the Texas-based Authentix transaction and his law firm's involvement while arguing lack of jurisdiction undermines the integrity of their representations. Such omissions may violate Tex. Disc. R. Prof'l Conduct 4.01(b). Courts have emphasized the need for complete factual records in jurisdictional analysis. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999); Precision Specialty Products v. Feedscrews Specialists, 589 F.2d 1201 (5th Cir. 1979). It is the Plaintiff's belief that the Meta Materials Inc. Bankruptcy has facilitated a way that Meta Insiders were able to compensate themselves $8,182,005.38 in one year, pay law firms like Perkins Coie excessive amounts of money while shareholders of Next Bridge

Hydrocarbons were left without any way to resolve their losses in Meta Materials bankruptcy despite the fact that Meta Materials was the issuer of MMTLP stock (prior to Next Bridge Hydrocarbons Stock) (Exhibit E, Page 4, Schedule to SOFA Q4 page 6).

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

a. Take judicial notice of the public records identified herein.

b. Order defense counsel to file within fourteen (14) days a sworn disclosure statement identifying;

    a. All representations of Meta Materials Inc. and affiliates from 2019–2024.

    b. Total compensation received.

    c. Conflict screening measures implemented.

    d. Whether the firm possesses privileged information relevant to this litigation.

    e. Supplement the record with the referenced documents.

    f. Defer ruling on jurisdictional challenges until conflict issues are resolved.

    g. Order such other relief as the Court deems just and proper.

## VII. CONCLUSION

The public record reveals material omissions, lack of candor to the Court and potential conflicts that warrant judicial attention. Perkins Coie's concurrent representation and failure to disclose key Texas transactions undermine the integrity of these proceedings. Plaintiff respectfully requests disclosure and case management measures to ensure fairness and transparency.

Respectfully submitted,

Dated: August 8, 2025

/s/ Jennifer Vetrano

Jennifer Vetrano
Pro Se Plaintiff
25 Pond Hollow Lane
West Creek, NJ 08092
Email: jvetrano999@gmail.com
908-783-0105

CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of the **PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD AND FOR DISCLOSURE OF CONFLICTS OF INTEREST AND LACK OF CANDOR** was served via email upon all counsel of record on August 8, 2025.