**Exhibit D**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WESTERN TEXAS
# MIDLAND-ODESSA DIVISION

| | |
|---|---|
| JENNIFER VETRANO,<br><br>*Plaintiff,*<br><br>v.<br><br>JOHN BRDA,<br>ALLISON CHRISTILAW, MBA, ICD.D B,<br>JOHN R. HARDING, UZI SASSON,<br>DAN EATON ESQ, MAURICE GUITTON,<br>ERIC M. LESLIE, PHILIPPE MORALI,<br>KEN HANNAH, STEEN KARSBO,<br>JOHN DOES 1-20, JANE DOES 1-20<br><br>*Defendants.* | Case No.: 7:24-CV-00325-DC-RCG<br><br>**FILED**<br><br>MAR 31 2025<br><br>CLERK, U.S. DISTRICT CLERK<br>WESTERN DISTRICT OF TEXAS<br>BY_____<br>DEPUTY |

## **MOTION FOR DEFAULT JUDGMENT**

TO THE HONORABLE JUDGE RONALD C. GRIFFIN and JUDGE DAVID COUNTS:

Plaintiff, Jennifer Vetrano, respectfully requests the entry of a default judgment against Uzi Sasson, the Defendant in the above-captioned case. In support of this Motion, Plaintiff states as follows:

### I. BACKGROUND

Plaintiff filed the Complaint against Defendant on December 27, 2024. Defendant was properly served with the Summons and Complaint on February 26, 2025, as evidenced by the Return of Service filed with this Court on the same date. The defendant was required to file an Answer or otherwise respond by March 19, 2025, in accordance with the Federal Rules of Civil

Page | 1

Procedure. Defendant failed to file a timely answer or other responsive pleading within the time required by Federal Rule of Civil Procedure 12(a).

Defendant failed to respond timely. Instead, Defendant filed an untimely and procedurally deficient Motion to Dismiss on March 20, 2025, without obtaining an extension from Plaintiff or the Court. More than 21 days have elapsed since Defendant was served with the Complaint, and Defendant has not filed an answer or other responsive pleading. The Clerk of Court entered a Clerk's Entry of Default against Defendant on March 20, 2025.

## II. ARGUMENT

Federal Rule of Civil Procedure 55(a) states that default occurs when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. The Fifth Circuit has established that a default judgment is essentially a judgment on the merits that conclusively establish the defendant's liability. Nishimatsu Constr. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

As set forth above, the Defendant has failed to file a timely answer or other responsive pleading, and the Clerk of Court has entered a Clerk's Entry of Default against Defendant. Accordingly, Plaintiff is entitled to a default judgment against Defendant.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter a default judgment against Defendant Uzi Sasson. I hereby request a hearing.

Respectfully submitted,

/s/ Jennifer Vetrano

Jennifer Vetrano, Pro Se

25 Pond Hollow Lane

West Creek, NJ 08092

Phone: 908-783-0105

Email: Jvetrano999@gmail.com

A copy of the foregoing has been emailed to Defendant's lawyer John Hardin via email JohnHardin@perkinscoie.com on 3/28/2025

/s/ Jennifer Vetrano  Jennifer Vetrano, Pro Se



AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.     7:24-cv-00325-DC-RCG

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for   Uzi Sasson
was recieved by me on   2/21/2025:

[X]   I personally served the summons on the individual at 161 Sonora Ave, Danville, CA 94526 on 02/26/2025 at 6:42 PM; or

[ ]   I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

[ ]   I served the summons on *(name of individual)* , who is designated by law to accept service of process on behalf of *(name of organization)*; or

[ ]   I returned the summons unexecuted because : or

[ ]   Other *(specify)*

My fees are $ 0 for travel and $ 75.00 for services, for a total of $ 75.00.

I declare under penalty of perjury that this information is true.

Date:  02/26/2025

_____
Server's signature

Stephen Coca
Printed name and title

316 W 2nd St.
3rd Floor
Los Angeles, CA 90012

Server's address

Additional information regarding attempted service, etc:

I delivered the documents, SUMMONS; COMPLAINT, to Uzi Sasson with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired male contact 55-65 years of age, 5'8"-5'10" tall and weighing 160-180 lbs.




Tracking #: 0160046497

Case 7:24-cv-00325-DC-RCG   Document 62-5   Filed 08/11/25   Page 7 of 7
Case 7:24-cv-00325-DC-RCG   Document 33-4   Filed 03/31/25   Page 4 of 28
Case 7:24-cv-00325-DC-RCG   Document 15-1   Filed 03/20/25   Page 1 of 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

JENNIFER VETRANO,
*Plaintiff*,

v.

JOHN BRDA, ALLISON CHRISTILAW, MBA, ICD.D B, JOHN R. HARDING, UZI SASSON, DAN EATON ESQ, MAURICE GUITTON, ERIC M. LESLIE, PHILIPPE MORALI, KEN HANNAH, STEEN KARSBO, JOHN DOES 1-20, JANE DOES 1-20,
*Defendants*.

CASE NO. 7:24-CV-00325-DC-RCG

## DECLARATION OF UZI SASSON

I, UZI SASSON, declare and state as follows:

1. I was served with the Complaint in the above-titled action on February 27, 2025.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on March 20, 2025, at Danville, CA 94526.

_____
UZI SASSON