UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| JENNIFER VETRANO,<br><br>    *Plaintiff*,<br><br>vs.<br><br>JOHN BRDA, ALLISON CHRISTILAW, MBA, ICD.D B, JOHN R. HARDING, UZI SASSON, DAN EATON ESQ, MAURICE GUITTON, ERIC M. LESLIE, PHILIPPE MORALI, KEN HANNAH, STEEN KARSBO, JOHN DOES 1–20, JANE DOES 1–20,<br><br>    *Defendants*. | Case No. 7:24-CV-325-DC-RCG |

**DEFENDANT BRDA'S OPPOSITION TO MOTION TO ENTER NEW EVIDENCE**

Defendant John Brda files this opposition to Plaintiff Jennifer Vetrano's "Motion to Enter New Evidence" in this closed case (Doc. 63) (the "**Motion**") and respectfully states as follows:

**Summary**

This case is closed, but Plaintiff continues filing motions in it. The Court should deny the instant Motion on the same grounds as it denied the last two—as procedurally improper and substantively baseless. The Court should also take such steps as it deems appropriate to stop Plaintiff from making additional filings in this case unless and until the Court reopens it. Plaintiff's continued drain on the Court's time and the parties' resources needs to stop.

**Factual and Procedural Background**

1.  On May 1, 2025, the Court entered an order which administratively closed this case "pending the outcome of Case No. 24-50792, filed in the United States Bankruptcy Court for the District of Nevada." (Doc. 52). That order was based on the Court's conclusion that Vetrano's

exercise of control over "claims [that] belong to the estate of Meta Materials, Inc. [] would violate the automatic stay." *Id*.

2. Emphasizing the effect of the closure, the Court directed the Clerk to terminate all deadlines, hearings, and motions. *Id*. The Court confirmed that it would address "any necessary motions should the case be reopened." *Id*.

3. Plaintiff then filed a "Motion Under FRCP 59(e) for Reconsideration of Order Administratively Closing Case," (Doc. 55), which the Court denied because it was procedurally improper and had "no merit." (Doc. 57).

4. Plaintiff then filed, "without requesting the Court lift the stay or reopen the case," (Doc. 57 at 1), an "Emergency Motion for Protective Order to Prevent Irreparable Harm and Safeguard the Integrity of the Judicial Process," (Doc. 56), which asked the Court to a bankruptcy lawyer who represents no party to this case from "repeated, baseless, and defamatory labeling of Plaintiff as a 'perpetrator' and a 'co-conspirator' in official bankruptcy court filings." (Doc. 56 at 4.) The Court rejected that motion because the lawyer's alleged misconduct occurred in the bankruptcy court and "the various entities referenced are not a part of this case." (Doc. 57 at 3). The Court went out of its way to "remind Plaintiff this case is **ADMINISTRATIVELY CLOSED**." *Id*.

5. On August 14, 2025, Plaintiff—continuing to ignore the Court's orders—filed the instant Motion attaching, among other purported "evidence," an attorney-client-privileged email from Greg McCabe (Doc. 63-5) and requesting the Court accept "the attached documents as part of the evidentiary record." (Doc. 63 at 4). The email to which Plaintiff asks the Court to apply the imprimatur of its acceptance is an inadvertent reply-all Mr. McCabe intended to send only to his undersigned counsel.

**DEFENDANT BRDA'S OPPOSITION TO MOTION TO ENTER NEW EVIDENCE – PAGE 2**

6.      Plaintiff's Motion contains no certificate of conference, and no conference in fact occurred before Plaintiff filed her Motion.[1]  Of course, "[a]ll litigants, even those proceeding pro se, are expected to adhere to the local rules and the [Federal Rules of Civil Procedure]." *Merkle v. Pilgrim REO, LLC*, 2019 WL 4447189, at *2 (W.D. Tex. Sept. 16, 2019).

### Argument

7.      Plaintiff's Motion, like her prior motions, is procedurally improper and substantively without merit.  The Motion is procedurally improper because this case is closed, and Plaintiff has not sought—much less obtained—an order reopening it.  It is also improper because it was not preceded by any conference.

8.      The Motion is substantively baseless for two reasons.  First, there is no "evidentiary record" in this case, which remains at the pleading stage.  *See Muniz v. Medtronic, Inc.*, 2014 WL 1236314, at *3 (W.D. Tex. Mar. 20, 2014) (denying a similar motion because "'evidence' [is] completely irrelevant at this point in the case").  It is therefore unclear how the Court could "ACCEPT the attached documents as part of the evidentiary record," (Doc 63 at 5), even if it were so inclined.

9.      Second, even if the Court accepts Plaintiff's invitation to act as arbiter of a nonexistent record, the Court should decline to include attorney-client materials in it.  One of the emails (Doc. 63-5) that Plaintiff would have the Court "accept" is obviously privileged.  That email

---

[1] Plaintiff knows that conferences are required.  Specifically, when another lawyer in this case—whose first name is John—told Plaintiff his client opposed one of her earlier motions, Plaintiff responded "Thanks Johnny for your opinion. Last time I checked my case wasn't dismissed and you aren't the Federal judge." (Mr. Brda is prepared to provide that email for the Court's review if the Court should so desire.)  That lawyer replied with the factually accurate statement that the Court "has made it clear that the case is stayed until after the bankruptcy and has already denied a similar motion by you with clear instructions."  Plaintiff doubled down on her unprofessionalism: "Please keep your opinions and intimidation tactics to yourself or I will be happy to share them with the Court."  This is not how conferences under the local rules are supposed to work.

exchange begins with Plaintiff making a request for documents. And while Plaintiff's attempts to conduct discovery outside the parameters of the federal rules and the Court's oversight are bad enough, it is the response to her email that piqued her interest. The response shows Greg McCabe (who is not a party to this case) addressing to his lawyers ("Jason and Jason," the undersigned attorneys who are also Mr. McCabe's counsel)[2] a request for guidance on how to respond to Plaintiff. In an identical situation, a court concluded that "plaintiffs' counsel should have known by reading only the first few lines of the email that the material was privileged and not intended for their review." *Simmions v. Pierless Fish Corp.*, 592 F.Supp.3d 68, 79 (E.D.N.Y. 2020) (granting a motion for protective order). So too, here: Plaintiff knows from the first three words Mr. McCabe wrote ("Jason and Jason") that this is a privileged document. Plaintiff's *pro se* status does not prevent her from recognizing privilege when she sees it.

10. For those reasons, Mr. Brda asks the Court to deny the Motion. Mr. Brda also asks the Court to take appropriate steps to prevent Plaintiff from engaging in similar gamesmanship in the future. Her serial filings (*e.g.*, Docs. 61–64) are running up significant costs for all defendants, and they are wasting judicial resources on a case that is administratively closed. Mr. Brda respectfully submits that one means to address that would be an order requiring Plaintiff to obtain an order reopening this case before filing any other motion in it. Another would be to dismiss her claims without prejudice pending disposition of the bankruptcy case. Mr. Brda does not mean to tell the Court how to run its docket, but he does respectfully request the Court's assistance in putting a stop to these serial filings that waste the Court's time and the parties' resources.

---

[2] That representation is known to Plaintiff, as established by the fact that she copied "Jason and Jason" on her initial email.

**DEFENDANT BRDA'S OPPOSITION TO MOTION TO ENTER NEW EVIDENCE – PAGE 4**

11. Just minutes before this response was filed, Plaintiff filed yet another motion (Doc. 64) that confirms the need for guardrails in this case. Plaintiff captioned her filing as a "motion for judicial notice, equitable review, and clarification," whatever that means. She asks the Court to "pierce" the "wall" of the "Meta bankruptcy," proclaiming that "this is not just a motion—it is a plea for justice and action." *Id*. at 4. In other words, she filed another motion that is procedurally improper and has no substantive merit. Plaintiff's disregard for this Court's Orders and incessant filings have to stop.

Respectfully submitted,

*/s/ Jason S. Lewis*
Jason S. Lewis
  Texas Bar No. 24007551
  jason.lewis@us.dlapiper.com
Jason M. Hopkins
  Texas Bar No. 24059969
  jason.hopkins@us.dlapiper.com
Ryan D. Lantry
  Texas Bar No. 24125130
  ryan.lantry@us.dlapiper.com
**DLA PIPER LLP**
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone:  214.743.4546
Facsimile:  214.743.4545

***ATTORNEYS FOR DEFENDANT JOHN BRDA***

## CERTIFICATE OF SERVICE

I certify that I served the foregoing response on all counsel of record via the Court's CM/ECF system on August 21, 2025.

*/s/ Jason S. Lewis*
Jason S. Lewis