IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| JENNIFER VETRANO,<br>　　　*Plaintiff*,<br><br>v.<br><br>JOHN BRDA, ALLISON CHRISTILAW, MBA, ICD.D B, JOHN R. HARDING, UZI SASSON, DAN EATON ESQ, MAURICE GUITTON, ERIC M. LESLIE, PHILIPPE MORALI, KEN HANNAH, STEEN KARSBO, JOHN DOES 1-20, JANE DOES 1-20,<br>　　　*Defendants*. | CASE NO. 7:24-CV-00325-DC-RCG |

## RESPONSE TO PLAINTIFF'S RECENT MOTIONS

Despite this case being administratively closed,[1] we need the Court's assistance as the Plaintiff continues to file meritless (if not frivolous) motions.

The Court administratively closed this case on May 1, 2025, pursuant to an automatic bankruptcy stay under 11 U.S.C. § 362. [Doc 52] [Doc 57] The case was expressly closed until such time as the bankruptcy matter was concluded. *Id.*

Plaintiff subsequently filed two motions [Docs 55 and 56] that the Court rejected for being procedurally inappropriate as well as substantively lacking, and then "the Court remind[ed] Plaintiff this case is **ADMINISTRATIVELY CLOSED** pending the outcome of Case No. 24-50792, filed in the United States Bankruptcy Court for the District of Nevada." [Doc 57]

Despite the Court's very clear language, Plaintiff has continued.  She has filed an Opposed

---

[1] With apologies to the Court, it is unclear if the Court expects or desires a response since the case is administratively closed. But, given the accusations in, for example, Plaintiff's Motion to Supplement the Record and for Disclosure of Conflicts of Interest and Lack of Candor, Messrs. Sasson, Harding, and Morali file this brief response subject to their pending Motions to Dismiss.

183170569.3

Renewed Motion to Vacate Stay Order that functionally rehashes her previous arguments that Messrs. Sasson, Harding, and Morali (and others) should not benefit from the automatic stay and claims that doing so deprives her of her constitutional rights. [Doc 61]. Of course, Messrs. Sasson, Harding, and Morali disagree for the reasons stated previously [Docs 11, 39, and 47].

Plaintiff has filed a Motion to Enter New Evidence which is challenging at best to discern any rational argument related to this matter. [Doc 63].

And she has filed Plaintiff's Motion to Supplement the Record and For Disclosure of Conflicts of Interest and Lack of Candor [Doc 62] in which she claims that Perkins Coie's prior representations of Meta Materials may be a "potential" conflict and further identifies certain corporate agreements signed by Mr. Sasson in his official capacity that she claims shows his Motion to Dismiss was misleading. The motion is, again, meritless if not frivolous. It's no secret that Perkins Coie represented Meta Materials (at least until the Chapter 7 Trustee was appointed); it is publicly available information. Of course, it has absolutely nothing to do with this matter and there is no conflict with it. As for Mr. Sasson and the Authentix contract, Plaintiff's argument actually proves the correctness of the Court's Order – she is making arguments based on Mr. Sasson's role as a director and officer of Meta Materials, meaning that she is really suing the company, but, in any event, it was disclosed on page 6 of Messrs Sasson's and Morali's Motion to Dismiss. [Doc 10, p. 6].

More importantly though, we now see a pattern from this *pro se* Plaintiff. There is disregard for (both of) the Court's Order and reminder that the case is administratively closed. There are serial filings that have no merit yet require time and attention from the Court and its staff as well as time and financial resources from all Defendants who have to pay lawyers to sift through and potentially respond. And there is a clear need for additional safeguards so that the Court's order

administratively closing the case will be effectively honored.

As such, Messrs. Sasson, Harding, and Morali ask that Plaintiff's recent filings be denied,[2] and that the Court enter or take such other or further actions so that Plaintiff effectively honors the decision that this case is administratively closed, including the potential of sanctions should these actions continue.

Dated: August 22, 2025

Respectfully submitted,

*/s/ John R. Hardin*
John R. Hardin
JohnHardin@perkinscoie.com
Texas State Bar No. 24012784
**PERKINS COIE LLP**
500 N. Akard Street, Ste. 3300
Dallas, TX 75201
Telephone: (214) 965-7700
Facsimile: (214) 965-7793

*Attorney for Defendants*
UZI SASSON, JOHN R. HARDING, and PHILIPPE MORALI

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing has been served upon all counsel of record via e-filing through the Court's CM/ECF portal on August 22, 2025.

*/s/ John R. Hardin*
John R. Hardin

---

[2] Should the Court desire a full response on any particular point before reopening the case, Defendants would ask for notice and a limited window to respond substantively.