IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN TEXAS
MIDLAND-ODESSA DIVISION

JENNIFER VETRANO,
*Plaintiff*

v.

JOHN BRDA,
ALLISON CHRISTILAW, MBA, ICD.D B,
JOHN R. HARDING, UZI SASSON,
DAN EATON ESQ, MAURICE GUITTON,
ERIC M. LESLIE, PHILIPPE MORALI,
KEN HANNAH, STEEN KARSBO,
JOHN DOES 1-20, JANE DOES 1-20
*Defendants.*

Case No.: 7:24-CV-00325-DC-RCG

FILED
SEP 0 2 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

**PLAINTIFF'S CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS'**

**MOTIONS TO STRIKE FILINGS AND TO LIMIT FUTURE SUBMISSIONS**

I. PLAINTIFF'S CONSTITUTIONAL RIGHT OF ACCESS TO THE COURT

Plaintiff, appearing pro se, invokes her fundamental right of access to the courts, protected under the First Amendment, the Due Process Clause of the Fifth and Fourteenth Amendments, and the Privileges and Immunities Clause of Article IV. As held in Bounds v. Smith, 430 U.S. 817 (1977), and reaffirmed in Lewis v. Casey, 518 U.S. 343 (1996), this right includes the ability to prepare and file meaningful legal papers.

The Supreme Court has emphasized that pro se litigants must be afforded meaningful access to the courts. See Haines v. Kerner, 404 U.S. 519 (1972) (per curiam).

## II. ADMINISTRATIVE CLOSURE IS NOT DISMISSAL

The Court's administrative closure of this case on May 1, 2025 [Docs. 52, 57] does not constitute dismissal. As recognized in Penn West Assocs., Inc. v. Cohen, 371 F.3d 118, 127 (3d Cir. 2004), administrative closure is a docket management tool that does not terminate jurisdiction or bar future filings.

Federal courts routinely allow parties to file motions during administrative closure, especially where new evidence or changed circumstances warrant judicial review. Plaintiff's filings are procedurally proper and seek equitable relief based on evolving facts and legal developments.

## III. PLAINTIFF'S FILINGS ARE SUBSTANTIVELY MERITORIOUS

Contrary to Defendants' assertions, Plaintiff's filings [Docs. 61–64, 67] raise serious and legitimate concerns:

- **New evidence relevant to the claims and defenses;**

- **Potential conflicts of interest involving Perkins Coie's prior representation of Meta Materials;**

- **Misrepresentations in prior pleadings;**

- **Equitable concerns regarding the impact of the Meta bankruptcy on Plaintiff's rights.**

These filings are not frivolous. They are grounded in fact and law and seek to preserve Plaintiff's rights in a complex and evolving legal landscape.

## IV. PRIVILEGE AND INADVERTENT DISCLOSURE

Defendants' claim of privilege over the email in Doc. 63-5 is legally unsupported. Courts apply a multi-factor test to determine whether inadvertent disclosure waives privilege, including:

1. Reasonableness of precautions;

2. Timeliness of rectification;

3. Scope of disclosure;

4. Fairness.

See Simmions v. Pierless Fish Corp., 592 F. Supp. 3d 68, 79 (E.D.N.Y. 2020). Plaintiff did not solicit privileged information and acted in good faith. The email was not marked privileged, and its content was relevant to the issues at hand. The Court should not strike evidence that was lawfully obtained and submitted in pursuit of justice.

## V. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Deny Defendants' motions to strike Plaintiff's filings [Docs. 65, 66, 68];

2. Accept Plaintiff's motions [Docs. 61–64, 67] for consideration;

3. Decline to impose sanctions or restrictions on Plaintiff's ability to seek relief;

4. Reopen the case or scheduling a hearing to address the issues raised.

Plaintiff further requests that the Court recognize her constitutional right to access the judicial process and reject any attempt to silence or penalize her for asserting her claims in good faith.

Respectfully submitted,

Jennifer Vetrano

Pro Se Plaintiff

/s/ Jennifer Vetrano

Jennifer Vetrano

25 Pond Hollow Lane

West Creek, NJ 08092

Pro Se Plaintiff

Email: jvetrano999@gmail.com

Phone: 908-783-0105

No Fax Number

CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025, I served a true and correct copy of the PLAINTIFF'S CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO STRIKE FILINGS AND TO LIMIT FUTURE SUBMISSIONS on all Defendants and/or their counsel of record via email.

Dated: August 29, 2025

/s/ Jennifer Vetrano

Jennifer Vetrano

Pro Se Plaintiff