FILED
NOV 03 2025
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN TEXAS
MIDLAND-ODESSA DIVISION

JENNIFER VETRANO,
*Plaintiff,*

v.

JOHN BRDA,
ALLISON CHRISTILAW, MBA, ICD.D B,
JOHN R. HARDING, UZI SASSON,
DAN EATON ESQ, MAURICE GUITTON,
ERIC M. LESLIE, PHILIPPE MORALI,
KEN HANNAH, STEEN KARSBO,
JOHN DOES 1-20, JANE DOES 1-20
*Defendants.*

Case No.:  7:24-CV-00325-DC-RCG

## OPPOSED RENEWED MOTION TO VACATE STAY ORDER

COMES NOW Plaintiff, Jennifer Vetrano, appearing pro se, and respectfully moves this Honorable Court to vacate any order staying the proceedings in this civil action as to the individual Defendants. This motion is made pursuant to 11 U.S.C. § 362(a), relevant Fifth Circuit precedent, constitutional principles of due process and access to the courts, and local rules of the Western District of Texas. In support thereof, Plaintiff states as follows:

### I. LEGAL STANDARD

The automatic stay under 11 U.S.C. § 362(a) applies only to the debtor entity in bankruptcy. It does not extend to non-debtor co-defendants or corporate officers unless the bankruptcy court

Page | 1

affirmatively extends the stay. See Matter of S.I. Acquisition, Inc., 817 F.2d 1142, 1147 (5th Cir. 1987); Reliant Energy Servs., Inc. v. Enron Canada Corp., 349 F.3d 816, 825 (5th Cir. 2003). The Western District of Texas has consistently held that the protections of § 362(a) are not automatically conferred upon non-debtor parties. See In re Boyd, 243 B.R. 756, 766 (N.D. Tex. 1999).

## II. CHAPTER 7 BANKRUPTCY DISTINCTION

This case involves a Chapter 7 liquidation of Meta Materials Inc., not a Chapter 11 reorganization. In Chapter 7, the debtor ceases operations, and a trustee is appointed to liquidate assets. The board of directors is dissolved and no longer functions in a managerial capacity. Exhibit A shows that on the Meta Materials Inc. Form 8-K, "On August 7, 2024, the Company terminated all of its remaining employees and executive officers, including Uzi Sasson, its President and Chief Executive Officer, and Dan Eaton, its Chief Legal Officer, with the terminations of Messrs. Sasson and Eaton effective concurrent with the Bankruptcy filing. Following the Bankruptcy Filing, the Company does not have any executive officers or employees." The document also claims that "the resignation of the Company's directors effectively eliminates the powers of the Board of Directors, and following the director resignations, the Company does not have directors serving on the Board of Directors." It is interesting to note that Uzi Sasson, President and Chief Executive Officer, was terminated on August 7, 2024; however, he continued to sign documents in his capacity for Meta Materials as President and Chief Executive Officer until August 9, 2024. Thus, there is no legal or equitable basis to extend the stay to former officers or directors. See In re Chugach Forest Prods., Inc., 23

F.3d 241, 246 (9th Cir. 1994) (distinguishing Chapter 7 from Chapter 11 in the context of stay extensions).

According to Defendant John Brda's LinkedIn profile (Exhibit B), he has worked as Founder of Olivion Advisors (August 2023-present), Independent Consultant and Advisor with Brda and Company (January 2006-present), and CEO of Torchlight Energy Resources, Inc. (June 2010-June 2021). Mr. Brda did serve as a "consultant" for Meta Materials Inc. through late 2022. He was not mentioned as an Executive or a Member of the Board of Directors of Meta Materials in Bankruptcy proceedings.

### III. NO ORDER EXTENDING STAY TO INDIVIDUAL DEFENDANTS

There is no docket entry or order from the U.S. Bankruptcy Court for the District of Nevada (Case No. 24-50792) extending the automatic stay to the individual Defendants in this case. Absent such an order, this Court lacks authority to stay proceedings against non-debtors. See Arnold v. Garlock, Inc., 278 F.3d 426, 436 (5th Cir. 2001).

### IV. CONSTITUTIONAL VIOLATIONS

Staying this action against non-debtor individuals infringes upon Plaintiff's constitutional rights under the First and Fifth Amendments. The right of access to the courts is a fundamental right. See Christopher v. Harbury, 536 U.S. 403, 415 (2002). Due process requires that litigants be afforded a meaningful opportunity to be heard. See Mathews v. Eldridge, 424 U.S. 319, 333

(1976). An indefinite stay without legal basis deprives Plaintiff of her right to seek redress and violates procedural due process.

### V. PLAINTIFF'S SHAREHOLDER STATUS AND CORPORATE DISTINCTION

Plaintiff Jennifer Vetrano is a shareholder of MMTLP, which has now transitioned to Nextbridge Hydrocarbons stock, and not MMAT stock. This distinction is crucial for the Court to understand. MMTLP (Meta Materials Torchlight Preferred Shares) were issued as part of a merger between Meta Materials Inc. and Torchlight Energy Resources. MMTLP shares were intended to be converted into shares of Nextbridge Hydrocarbons upon the completion of the spin-off.

Nextbridge Hydrocarbons is the entity that now holds the assets and operations previously associated with Torchlight Energy Resources. Shareholders of MMTLP were to receive shares in Nextbridge Hydrocarbons, reflecting their ownership in the new entity. MMAT (Meta Materials Inc.) represents the ongoing operations of Meta Materials Inc. post-merger, separate from the assets and operations transferred to Nextbridge Hydrocarbons.

Understanding this distinction is essential as it underscores that Plaintiff's interests and claims are tied to Nextbridge Hydrocarbons, not Meta Materials Inc. (MMAT). This further supports the argument that the automatic stay should not extend to the individual defendants associated with Meta Materials Inc.

Meta Materials Inc. is a separate and distinct corporate entity from MMTLP/Nextbridge Hydrocarbons. The bankruptcy proceedings of Meta Materials Inc. have no bearing on the direct claims brought by Plaintiff, which are based on her ownership interest in a different company.

Accordingly, the automatic stay under 11 U.S.C. § 362(a) does not apply to these claims, and any attempt to invoke the stay as a shield by non-debtor individuals is legally improper and unsupported by the facts or law.

## VI. COMPELLING ARGUMENT FOR VACATING THE STAY

The Plaintiff's position as a shareholder of Nextbridge Hydrocarbons, formerly MMTLP, highlights the critical need for this Court to vacate the stay order. The automatic stay under 11 U.S.C. § 362(a) is designed to protect the debtor entity during bankruptcy proceedings, not to shield non-debtor individuals from accountability. The individual defendants in this case, who were former officers and directors of Meta Materials Inc., should not benefit from the protections intended solely for the debtor entity.

Moreover, the Plaintiff's constitutional rights to due process and access to the courts are being infringed upon by the indefinite stay. The Plaintiff has a fundamental right to seek redress and have her claims heard in a timely manner. The absence of any legal or equitable basis to extend the stay to the individual defendants further underscores the necessity of vacating the stay order.

## VII. ADDITIONAL LEGAL PRECEDENTS

Hilton v. Braunskill, 481 U.S. 770 (1987): This case established criteria for evaluating whether a stay should be maintained or revoked, emphasizing the need for a careful assessment of the likelihood of success on the merits, potential harm to parties, and public interest.

In re **TXNB Internal Case**, 483 F.3d 292 (5th Cir. 2007): The Fifth Circuit held that the automatic stay does not extend to non-debtor third parties unless there are unusual circumstances, such as an identity of interest between the debtor and the third party.

In re **Zale Corp.**, 62 F.3d 746 (5th Cir. 1995): The court ruled that the automatic stay does not protect non-debtor co-defendants, reinforcing the principle that the stay is intended to protect the debtor and its estate.

In re **Reliant Energy Channelview LP**, 594 F.3d 200 (5th Cir. 2010): The court emphasized that the automatic stay is not meant to be used as a shield by non-debtor parties to avoid litigation.

In re **Davis**, 730 F.2d 176 (5th Cir. 1984): The court held that the automatic stay does not apply to actions against non-debtor parties, even if they are closely related to the debtor.

### VIII. LOCAL RULES OF THE WESTERN DISTRICT OF TEXAS

The local rules of the Western District of Texas also support the Plaintiff's motion. Rule CV-7 of the Local Court Rules for the Western District of Texas allows for motions to be filed and considered by the court. This rule ensures that parties have the opportunity to present their arguments and seek relief through proper legal channels. The Plaintiff's motion to vacate the stay order is in accordance with these rules and should be granted to ensure that justice is served and the Plaintiff's constitutional rights are upheld.

### IX. CONCLUSION

For the reasons set forth above, Plaintiff Jennifer Vetrano respectfully requests that this Honorable Court vacate the stay order as to the individual Defendants in this case. The automatic stay under 11 U.S.C. § 362(a) is intended to protect the debtor entity during bankruptcy proceedings, not to shield non-debtor individuals from accountability. The individual Defendants, who were former officers and directors of Meta Materials Inc., should not benefit from the protections intended solely for the debtor entity.

The Plaintiff's constitutional rights to due process and access to the courts are being infringed upon by the indefinite stay. The Plaintiff has a fundamental right to seek redress and have her claims heard in a timely manner. The absence of any legal or equitable basis to extend the stay to the individual Defendants further underscores the necessity of vacating the stay order.

Moreover, the Plaintiff's position as a shareholder of Nextbridge Hydrocarbons, formerly MMTLP, highlights the critical need for this Court to allow the civil action to proceed. The claims asserted in this action arise from alleged misconduct affecting MMTLP/Nextbridge shareholders and are wholly unrelated to Meta Materials Inc. or its bankruptcy estate.

Therefore, Plaintiff respectfully requests that this Court please vacate the stay order as to the individual Defendants in this case. Allow this civil action to proceed without further delay.


Respectfully submitted,

/s/ Jennifer Vetrano

Jennifer Vetrano, Pro Se

25 Pond Hollow Lane

West Creek, NJ 08092

Email: jvetrano999@gmail.com

Phone: 908-783-0105

Date: July 18, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2025, a true and correct copy of the foregoing Renewed Motion to Vacate Stay Order was served upon all counsel of record and/or parties via electronic mail as appropriate. Please note that Paul R. Bessette from the firm King & Spalding (not on the docket as an Attorney) but claims he will be representing Defendants; Christilaw, Hannah and Karsbo have opposed this motion. John Hardin, Esq representing Defendants Harding, Sasson, Eaton, and Morali also opposed this motion with comments. Attachments included.

Dated: July 18, 2025

Respectfully submitted,

/s/ Jennifer Vetrano

Jennifer Vetrano, Pro Se

25 Pond Hollow Lane

West Creek, NJ 08092

Email: jvetrano999@gmail.com

Phone: 908-783-0105

☰  Gmail     🔍 Search mail     ⚙

Compose

✉

Inbox   54

(no subject)   Inbox ×

Starred

Snoozed

 **Jennifer Vetrano**
Subject: Service of Renewed Motion to Vacate Stay Order – Request for Position Dear Counsel, I hope this message finds you well. Plea

Sent

Drafts   116

 **Jennifer Vetrano**
---------- Forwarded message --------- From: Jennifer Vetrano <jvetrano999@gmail.com> Date: Fri, Jul 18, 2025, 11:38 AM Subject: To: <j

More

 **Hardin, John (Perkins Coie)**     12:05 PM (1 hour ago)

Labels

to jason.hopkins@us.dlapiper.com, Jason.lewis@us.dlapiper.com, Ryan, Leito, Kira, richard.krumholz@nortonrosefulbright.com, me

==Yes, we oppose. The court has denied the Motion and made it really clear in my opinion that it wants these motions to stop.==

On Jul 18, 2025, at 10:51 AM, Jennifer Vetrano <jvetrano999@gmail.com> wrote:

<brdaLinkedin.pdf>
<Meta8k.pdf>
<Noticeofmotion.docx>
<finalproposedorder.docx>
<coverletterstay.docx>
<updatedrenewedmotiontovacatestayorder.docx>

NOTICE: This communication from Perkins Coie LLP may contain privileged or other confidential information. If you have received it in e
sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

   Jennifer Vetrano <jvetrano999@gmail.com>

## (no subject)

**Paul R. Bessette** <PBessette@kslaw.com>  Fri, Jul 18, 2025 at 1:06 PM
To: "jvetrano999@gmail.com" <jvetrano999@gmail.com>
Cc: "JohnHardin@perkinscoie.com" <JohnHardin@perkinscoie.com>, "Jason.lewis@us.dlapiper" <Jason.lewis@us.dlapiper>, "ryan.lantry@us.dlapiper.com" <ryan.lantry@us.dlapiper.com>, "James V. Leito IV" <james.leito@nortonrosefulbright.com>, "kira.latham@nortonrosefulbright.com" <kira.latham@nortonrosefulbright.com>, "Richard S. Krumholz" <richard.krumholz@nortonrosefulbright.com>, Michael Biles <MBiles@kslaw.com>, Frances Fink <FFink@kslaw.com>

Ms. Vetrano,

Please be advised that King & Spalding now represents Allison Christilaw, Ken Hannah, and Steen Karsbo. Please direct all future correspondence or other case materials to me, Mike Biles, and Frances Fink.

And for the record, we also oppose the filing of your Motion. Thank you.

**Paul R. Bessette**
*Partner / Business & Securities Litigation*

T: +1 512 457 2050  |  E: pbessette@kslaw.com  |  Bio  |  vCard

King & Spalding LLP
500 West 2nd Street
Suite 1800
Austin, Texas 78701

King & Spalding LLP
1100 Louisiana
Suite 4100
Houston, TX 77002



kslaw.com

**From:** Hardin, John (Perkins Coie) <JohnHardin@perkinscoie.com>
**Sent:** Friday, July 18, 2025 11:05 AM
**To:** Jennifer Vetrano <jvetrano999@gmail.com>
**Cc:** jason.hopkins@us.dlapiper.com; Jason.lewis@us.dlapiper.com; Ryan Lantry <ryan.lantry@us.dlapiper.com>; James V. Leito IV <james.leito@nortonrosefulbright.com>; Kira Latham

# Vetrano v. Securities & Exchange Commission (7:24-cv-00325)

## District Court, W.D. Texas

- Tags ▾
- 🔔 Get Alerts (/alert/docket/toggle/) ▾
- ⧉ View on PACER (https://ecf.txwd.uscourts.gov/cgi-bin/DktRpt.pl?1172816313) ▾

Last Updated: May 21, 2025, 4 p.m.

Assigned To: Walter David Counts III (/person/8566/walter-david-counts-iii/)

Referred To: Ronald C. Griffin (/person/9600/ronald-c-griffin/)

Citation: Vetrano v. Securities & Exchange Commission, 7:24-cv-00325, (W.D. Tex.)

Date Filed: Dec. 9, 2024

Date of Last Known Filing: May 21, 2025

Cause: 28:1983 Civil Rights (/?type=r&cause="28:1983 Civil Rights")

Nature of Suit: 440 Civil Rights: Other (/?type=r&nature_of_suit="440 Civil Rights: Other")

Jury Demand: Plaintiff (/?type=r&q=juryDemand:"Plaintiff")

Jurisdiction Type: Diversity

- ≣ Docket Entries (/docket/69453342/vetrano-v-securities-exchange-commission/)
- 👥 Parties and Attorneys (/docket/69453342/parties/vetrano-v-securities-exchange-commission/)
- Authorities (/docket/69453342/authorities/vetrano-v-securities-exchange-commission/)

*[Handwritten annotation: "No King & Spalding LLP on docket for any Defendant. 7/18/25 gv"]*

## 👤 Defendant

| | | |
|---|---|---|
| Allison Christilaw | REPRESENTED BY | **James Vincent Leito, IV** |
| | | 📞 (214) 855-8004 |
| | | Fax: (214) 855-8200 |
| | | |
| | | Norton Rose Fulbright US LLP |
| | | 2200 Ross Ave |
| | | Suite 3600 |
| | | Dallas, TX 75201-7932 |
| | | |
| | | *ATTORNEY TO BE NOTICED* |
| | | *LEAD ATTORNEY* |
| | | |
| | | **Kira Latham** |
| | | 📞 (214) 855-8000 |
| | | Fax: (214) 855-8200 |
| | | |
| | | Norton Rose Fulbright US LLP |
| | | 2200 Ross Ave. |
| | | Suite 3600 |

Dallas, TX 75201

*ATTORNEY TO BE NOTICED*

*LEAD ATTORNEY*

Richard Samson Krumholz

📞 (214) 855-8000
Fax: (214) 855-8200

Norton Rose Fulbright US LLP
2200 Ross Ave
Suite 3600
Dallas, TX 75201-7932

*ATTORNEY TO BE NOTICED*

*LEAD ATTORNEY*

Depository Trust & Clearing Corporation

*Terminated (Dec. 27, 2024)*

Equiniti Trust Company

*Terminated (Dec. 27, 2024)*

Eric M. Leslie

ESQ Dan Eaton                    REPRESENTED BY        John Russell Hardin

📞 (214) 965-7743

Perkins Coie LLP
500 N. Akard St.
Suite 3300
Dallas, TX 75201

*ATTORNEY TO BE NOTICED*

*LEAD ATTORNEY*

Fidelity

*Terminated (Dec. 27, 2024)*

Financial Industry Regulatory Authority

*Terminated (Dec. 27, 2024)*

Gregory McCabe

*Terminated (Dec. 27, 2024)*

GTS Securities LLC

*Terminated (Dec. 27, 2024)*

ICD.D B

Jane Does 1-20

John Brda                        REPRESENTED BY        Jason M. Hopkins

📞 (214) 743-4546
Fax: (972) 813-6267

*ATTORNEY TO BE NOTICED*

*LEAD ATTORNEY*

Jason S. Lewis

📞 (214) 743-4548
Fax: (972) 813-6250

*ATTORNEY TO BE NOTICED*

*LEAD ATTORNEY*

Ryan D. Lantry

📞 (214) 743-4565
Fax: (972) 813-6265

DLA Piper, LLP (US)
1900 N. Pearl St.
Suite 2200
Dallas, TX 75201

*ATTORNEY TO BE NOTICED*

*LEAD ATTORNEY*

John Does 1-20

| | | |
|---|---|---|
| John R. Harding | REPRESENTED BY | John Russell Hardin |

📞 (214) 965-7743

Perkins Coie LLP
500 N. Akard St.
Suite 3300
Dallas, TX 75201

*ATTORNEY TO BE NOTICED*

*LEAD ATTORNEY*

| | | |
|---|---|---|
| Ken Hannah | REPRESENTED BY | James Vincent Leito , IV |

📞 (214) 855-8004
Fax: (214) 855-8200

Norton Rose Fulbright US LLP
2200 Ross Ave
Suite 3600
Dallas, TX 75201-7932

*ATTORNEY TO BE NOTICED*

*LEAD ATTORNEY*

Kira Latham

📞 (214) 855-8000
Fax: (214) 855-8200

Norton Rose Fulbright US LLP
2200 Ross Ave.
Suite 3600
Dallas, TX 75201

ATTORNEY TO BE NOTICED

LEAD ATTORNEY

Richard Samson Krumholz

📞 (214) 855-8000
Fax: (214) 855-8200

Norton Rose Fulbright US LLP
2200 Ross Ave
Suite 3600
Dallas, TX 75201-7932

ATTORNEY TO BE NOTICED

LEAD ATTORNEY

Maurice Guitton

MBA

Next Bridge Hydrocarbons, Inc.
Terminated (Dec. 27, 2024)

| | | |
|---|---|---|
| Philippe Morali | REPRESENTED BY | John Russell Hardin<br>📞 (214) 965-7743<br><br>Perkins Coie LLP<br>500 N. Akard St.<br>Suite 3300<br>Dallas, TX 75201<br><br>ATTORNEY TO BE NOTICED<br><br>LEAD ATTORNEY |

Securities & Exchange Commission
Terminated (Dec. 27, 2024)

| | | |
|---|---|---|
| Steen Karsbo | REPRESENTED BY | James Vincent Leito , IV<br>📞 (214) 855-8004<br>Fax: (214) 855-8200<br><br>Norton Rose Fulbright US LLP<br>2200 Ross Ave<br>Suite 3600<br>Dallas, TX 75201-7932<br><br>ATTORNEY TO BE NOTICED<br><br>LEAD ATTORNEY<br><br>Kira Latham<br>📞 (214) 855-8000<br>Fax: (214) 855-8200<br><br>Norton Rose Fulbright US LLP<br>2200 Ross Ave.<br>Suite 3600<br>Dallas, TX 75201 |

ATTORNEY TO BE NOTICED

LEAD ATTORNEY

Richard Samson Krumholz

📞 (214) 855-8000
Fax: (214) 855-8200

Norton Rose Fulbright US LLP
2200 Ross Ave
Suite 3600
Dallas, TX 75201-7932

ATTORNEY TO BE NOTICED

LEAD ATTORNEY

| | | |
|---|---|---|
| Uzi Sasson | REPRESENTED BY | John Russell Hardin |

📞 (214) 965-7743

Perkins Coie LLP
500 N. Akard St.
Suite 3300
Dallas, TX 75201

ATTORNEY TO BE NOTICED

LEAD ATTORNEY

## 👤 Plaintiff

| | | |
|---|---|---|
| Jennifer Vetrano | REPRESENTED BY | Jennifer Vetrano |

Jennifer Vetrano
25 Pond Hollow Ln
West Creek, NJ 08092

**FROM:**
Jennifer Vetrano
25 Pond Hollow Ln.
West Creek, NJ
08092

Retail
 
79701
RDC 99

**TO:**
United States District Ct.
Western District of TX
US District Clerk's office
200 East Wall, Room 222
Midland, TX 79701

Utility Mailer
10 1/2" x 16"

Ready

UNIT200  152  4
UNABLE TO FORW

FROM:
Jennifer Vetrano
5 Pond Hollow Ln.
West Creek, NJ
08092

Retail

U.S. POSTAGE PAID
FCM LG ENV
WEST CREEK, NJ 08092
JUL 18, 2025
79701
$8.58
RDC 99
S2322M500420-05

TO:
United States District Ct.
Western District of TX
US District Clerk's Office
200 East Wall, Room 222
Midland, TX 79701

RECEIVED
NOV - 3 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

Utility Mailer
0 1/2" x 16"

ReadyPost

UNIT200  152  4E 1   N  C0208/16/
UNABLE TO FORWARD/FOR REVIEW
*****